1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KREINDLER & KREINDLER LLP**
Francis G. Fleming, Esq.
State Bar No. 004375
Brian J. Alexander, Esq. (*pro hac vice pending*)
Marc S. Moller, Esq. (*pro hac vice pending*)
750 Third Avenue
New York, New York 10017
Telephone:  (212) 687-8181
Facsimile:  (212) 972-9432
Email: ffleming@kreindler.com
         balexander@kreindler.com
         mmoller@kreindler.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Manuel Bandres Oto and Elisa Lopez-Belio,
individually, and on behalf of all eligible
beneficiaries of claims arising from the
wrongful death of Marina Bandres Lopez-
Belio;

Wilhelm Hubert Bahners and Martha Seidle,
individually, as personal representatives of
the Estate of Frank Bahners, deceased, and
on behalf of all eligible beneficiaries of
claims arising from the wrongful death of
Frank Bahners;

Bernd Baum and Ingrid Baum, guardians of
minors Yannick Meyer and Lukas Meyer,
beneficiaries of the claim for the wrongful
death of Stefan Meyer and Barbara Meyer;

Bringfried Baum and Ruth Baum,
individually, as personal representatives of
the Estate of Barbara Meyer, deceased, and
on behalf of all eligible beneficiaries of
claims arising from the wrongful death of
Barbara Meyer;

No. 

**COMPLAINT FOR WRONGFUL
DEATH, NEGLIGENCE**

**JURY TRIAL DEMANDED**

Wilhelm Bergjürgen and Stefanie Assmann, individually, as personal representatives of the Estate of Linda Bergjürgen, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Linda Bergjürgen;

Frank Blendermann and Ulrike Blendermann, individually, as personal representatives of the Estate of Tim Blendermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Tim Blendermann;

Dr. Martin Bleß and Annette Bleß, individually, as personal representatives of the Estate of Elena Bleß, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Elena Bleß;

Elsbeth Blumhoff, Steffen Walter and Natalie Walter, individually, as personal representatives of the Estate of Sabine Jockheck, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sabine Jockheck;

Ana Quenty Bogado Benitez, as natural parent of minors Gabriela Schmidt Bogado and Ralph Schmidt Bogado, Gunter Schmidt and Johanna Schmidt, individually, as personal representatives of the Estate of Ralph Schmidt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ralph Schmidt;

Andreas Bourgeois, individually, as personal representative of the Estates of Dietmar Bourgeois, deceased, and Roswitha Bourgeois, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Dietmar Bourgeois and

1  Roswitha Bourgeois;

2  Carol Anne Bramley, individually, as
3  personal representative of the Estate of Paul
   Bramley, deceased, and on behalf of all
4  eligible beneficiaries of claims arising from
5  the wrongful death of Paul Bramley; and
   Philip Bramley, individually, and on behalf
6  of all eligible beneficiaries of claims arising
7  from the wrongful death of Paul Bramley;

8  Oliver Brillert and Josef Cercek,
9  individually, as personal representatives of
   the Estate of Sonja Cercek, deceased, and on
10 behalf of all eligible beneficiaries of claims
   arising from the wrongful death of Sonja
11 Cercek;

12
   Olga Bryjak, Dimitri Bryjak and Vasili
13 Bryjak, individually, as personal
14 representatives of the Estate of Oleg Bryjak,
   deceased, and on behalf of all eligible
15 beneficiaries of claims arising from the
16 wrongful death of Oleg Bryjak;

17 Emine Celik, individually, as personal
18 representative of the Estate of Muradiye
   Lohmann, deceased, and on behalf of all
19 eligible beneficiaries of claims arising from
20 the wrongful death of Muradiye Lohmann;

21 Machiel Jozef Claassen and Petronella
22 Andrea Van Doorne, individually, as
   personal representatives of the Estate of Iris
23 Claassen, deceased, and on behalf of all
   eligible beneficiaries of claims arising from
24 the wrongful death of Iris Claassen;

25
   Bernd Drüppel and Anne Drüppel,
26 individually, as personal representatives of
27 the Estate of Lea Drüppel, deceased, and on
   behalf of all eligible beneficiaries of claims
28 arising from the wrongful death of Lea

3

Drüppel;

Hilmar Eils, individually, as personal
representative of the Estate of Selina Eils,
deceased, and on behalf of all eligible
beneficiaries of claims arising from the
wrongful death of Selina Eils;

Hildegard Fandrich, individually, and on
behalf of all eligible beneficiaries of claims
arising from the wrongful death of Kerstin
Oelrich;

Stefanie Fischenich, as natural parent of
minor Maya Fischenich, Brigitte Fischenich
and Jurgen Fischenich, individually, as
personal representatives of the Estate of Sven
Fischenich, deceased, and on behalf of all
eligible beneficiaries of claims arising from
the wrongful death of Sven Fischenich;

Tanja Fischer, as natural parent of minor
Lena Schenk, individually, as personal
representative of the Estate of Felix Schenk,
deceased, and on behalf of all eligible
beneficiaries of claims arising from the
wrongful death of Felix Schenk;

Anna Maria Gallego, as natural parent of
minor Ann-Kathrin Medrano Gallego,
individually, as personal representative of the
Estate of Luis Eduardo Medrano Aragon,
deceased, and on behalf of all eligible
beneficiaries of claims arising from the
wrongful death of Luis Eduardo Medrano
Aragon;

Herbert Gerdes and Sabine Wardenga-
Gerdes, individually, as personal
representatives of the Estate of Gina Gerdes,
deceased, and on behalf of all eligible
beneficiaries of claims arising from the
wrongful death of Gina Gerdes;

Jürgen Gortmann and Elke Gortmann, individually, as personal representatives of the Estate of Dennie Gortmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Dennie Gortmann;

Philipp Gottschall, Vera Gottschall, Carolin Gottschall and Rudolfa Wübbel, individually, as personal representatives of the Estate of Beatrix Gottschall, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Beatrix Gottschall;

Peter Hahn and Petra Hahn, individually, as personal representatives of the Estate of Ann-Christin Han, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ann-Christin Hahn;

Sonja Hedermann and Lena Fischer, individually, as personal representatives of the Estate of Sascha Schenk, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sascha Schenk;

Edgar Hermann and Andrea Hermann, individually, as personal representatives of the Estate of Julia Hermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Julia Hermann;

Harald Höfer and Manuela Höfer individually, as personal representatives of the Estate of Christopher Höfer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Christopher Höfer;

Mohammed Mehti Hojjatoleslami and Maryam Taherpour, individually, as personal representatives of the Estate of Milad Hojjatoleslami, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Milad Hojjatoleslami;

Wanda Höltkemeyer, individually, as personal representative of the Estate of Anke Kohlstädt, deceased,  and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Anke Kohlstädt;

Brigitte Hülsmann, individually, as personal representative of the Estate of Klaus Hülsmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Klaus Hülsmann;

Julia Jockheck, Michaela Jockheck and Korinna Walther, individually, as personal representatives of the Estate of Manfred Jockheck, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Manfred Jockheck;

Susanne Klüh and Annemarie Klüh, individually, as personal representatives of the Estate of Stefan Klüh, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefan Klüh;

Herbert Koch and Anne Koch, individually, as personal representatives of the Estate of Marleen Koch, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marleen Koch;

Günter Kohlstädt and Ursula Kohlstädt, individually, as personal representatives of

6

the Estate of Michael Kohlstädt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Michael Kohlstädt;

Mark Kevin Kohlstädt, individually, as personal representative of the Estates of Michael Kohlstädt, deceased, and Anke Kohlstädt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Michael Kohlstädt, deceased, and Anke Kohlstädt, deceased; and Gabriele Löchel, legal guardian of minor Emily Lara Kohlstädt, individually, and on behalf of all eligible beneficiaries of the claims for the wrongful deaths of Michael Kohlstädt and Anke Kohlstädt;

Karl Korolczuk and Danuta Korolczuk, individually, as personal representatives of the Estate of Maik Korulczuk, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maik Korulczuk;

Emil Kraus and Elisabeth Kraus, individually, as personal representative of the Estate of Peter Heinz Kraus, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Peter Heinz Kraus;

Joachim Lehmann, individually, as personal representative of the Estate of Diana Lehmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Diana Lehmann;

Esther Lopez Llopis, Gina Oppenau Lopez, Noel Oppenau Lopez and Gertrud Gehlen, individually, as personal representatives of the Estate of Dirk Oppenau, deceased, and on behalf of all eligible beneficiaries of claims

arising from the wrongful death of Dirk Oppenau;

Karl Ludwig, individually, as personal representative of the Estate of Bettina Ludwig, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Bettina Ludwig;

Andreas Lütkenhaus and Kirsten Lütkenhaus, individually, as personal representatives of the Estate of Paula Lütkenhaus, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Paula Lütkenhaus;

Dominik Marcol and Consuelo de Nuno Carazo, individually, as personal representatives of the Estate of Maria de Paplo Nuno, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maria de Paplo Nuno;

Sharon Anne Matthews, individually, as personal representative of the Estate of Martyn Matthews, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Martyn Matthews; and Nathan Luke Matthews, Jade Matthews and Iris Matthews, individually, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Martyn Matthews;

Christine Maue and Beate Maue, individually, as personal representatives of the Estate of  Jürgen Diemer, deceased, and Claudia Diemer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Jürgen Diemer and Claudia Diemer;

Heide Meurer and Bernd Koch, individually,

as personal representatives of the Estate of Lutz Koch, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Lutz Koch;

Udo Meyer and Ruth Meyer, individually, as personal representatives of the Estate of Stefan Meyer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefan Meyer;

Frank Noack and Jana Noack, individually, as personal representatives of the Estate of Juliane Noack, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Juliane Noack;

Carolin Oelrich and Christiane Oelrich, individually, as personal representatives of the Estates of Andreas Oelrich, deceased, and Kerstin Oelrich, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Andreas Oelrich and Kerstin Oelrich;

Hilde Oelrich, individually, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Andreas Oelrich;

Günter Olthoff and Heidi Olthoff, individually, as personal representatives of the Estate of Geert Olthoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Geert Olthoff;

Pawel Pracz, individually, as personal representative of the Estates of Marina Bandres Lopez-Belio, deceased, and Julian Pracz-Bandres, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marina Bandres Lopez-Belio and Julian Pracz-Bandres;

Herman Püntmann and Annemarie Püntmann, individually, as personal representatives of the Estate of Ann-Kathrin Püntmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ann-Kathrin Püntmann;

Klaus Radner, individually, as personal representative of the Estate of Maria Radner, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maria Radner;

Gladys Razo and Saturnino Ajón Tirado, individually, as personal representatives of the Estate of Daniela Ajón Razo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Daniela Ajón Razo;

Dirk Rogge and Anne Rogge, individually, as personal representatives of the Estate of Fabio Rogge, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Fabio Rogge;

Mayuko Sato, as natural parent of minors Ren Sato and Nanoka Sato, individually, as personal representative of the Estate of Junichi Sato, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Junichi Sato;

Wilhelm Scheideler and Kerstin Stürzebecher,  individually, as personal representatives of the Estate of Rabea Scheideler, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Rabea Scheideler;

Helmut Erwin Schenk, individually, as

personal representative of the Estate of
Stefanie Schenk, deceased, and on behalf of
all eligible beneficiaries of claims arising
from the wrongful death of Stefanie Schenk;

Ferdinand Schmitz, Sabine Röhlinger and
Brigitte Hülsmann, individually, as personal
representatives of the Estate of Jessica
Hülsmann, deceased, and on behalf of all
eligible beneficiaries of claims arising from
the wrongful death of Jessica Hülsmann;

Ludwig Schonebeck and Ulrike Schonebeck,
individually, as personal representatives of
the Estate of Erick Schonebeck, deceased,
and on behalf of all eligible beneficiaries of
claims arising from the wrongful death of
Erik Schonebeck;

Dietrich Schützler, Franziska Kusserow and
Matthias Schützler, individually, as personal
representatives of the Estate of Karin
Schützler, deceased,  and on behalf of all
eligible beneficiaries of claims arising from
the wrongful death of Karin Schützler;

Rolf Schukart and Petra Schukart,
individually, as personal representatives of
the Estate of Lea Schukart, deceased, and on
behalf of all eligible beneficiaries of claims
arising from the wrongful death of Lea
Schukart;

Thomas Siebe and Marion Siebe,
individually, as personal representatives of
the Estate of Helena Siebe, deceased, and on
behalf of all eligible beneficiaries of claims
arising from the wrongful death of Helena
Siebe;

Danny Smailagić, individually, as personal
representative of the Estates of Emira
Smailagić, deceased and Fehret Smailagić,

deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Emira Smailagić and Fehret Smailagić.

Michael Soblik and Gila Soblik, individually, as personal representatives of the Estate of Larissa Soblik, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Larissa Soblik;

Andreas Stahl and Cornelia Stahl, individually, as personal representatives of the Estate of Sebastian Stahl, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sebastian Stahl;

Jürgen Strang and Dagmar Strang, individually, as personal representatives of the Estate of Steffen Strang, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Steffen Strang;

Carlos Andrews Suarez Acosta, Marleny Concepcion Ocampo Molano and Luis Eduardo Tejada Arellano, individually, as personal representatives of the Estate of Maria del Pilar Tejada Ocampo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maria del Pilar Tejada Ocampo;

Hassan Tahrioui and Fadila El Boujjoufi, individually, as personal representatives of the Estate of Mohamed Tahrioui, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Mohamed Tahrioui;

Engelbert Tegethoff and Brigitte Tegethoff, individually, as personal representatives of

the Estate of Stefanie Tegethoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefanie Tegethoff;

Hans-Wolfgang Treppe and Eva-Marie Treppe, individually, as personal representatives of the Estate of Thomas Treppe, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Thomas Treppe;

Peter Venhoff and Anke Venhoff, individually, as personal representatives of the Estate of Aline Venhoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Aline Venhoff;

Wolfgang Voß and Brigitte Voß, individually, as personal representatives of the Estate of Jens Voß, deceased,  and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Jens Voß;

Günter Welters and Margarete Sadlo, individually, as personal representatives of the Estate of Kristina Sadlo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Kristina Sadlo; and

Ludger Westermann and Silke Westermann, individually, as personal representatives of the Estate of Caja Westermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Caja Westermann,

      Plaintiffs,

      v.

13

Airline Training Center Arizona, Inc.,

    Defendant.

Plaintiffs, individually, as representatives of the respective estates of the Decedents named herein, and on behalf of all statutory beneficiaries of the claims for the wrongful deaths of the Decedents named herein, by their attorneys Kreindler & Kreindler LLP, allege and state as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is based upon 28 U.S.C. §1332(a), diversity of citizenship by reason of the fact that no plaintiff is a citizen or resident of the State of Arizona, the defendant Airline Training Center Arizona, Inc. ("ATCA") was incorporated in the State of Arizona and at all relevant times ATCA had its principal place of business in Arizona.

2.    Venue is proper in this jurisdiction because ATCA's principal place of business is Arizona and the wrongful and negligent acts that give rise to this action took place in Arizona.

3.    The amount in controversy for each claim asserted in this wrongful death action is in excess of $75,000 excluding interest and costs.

## PRELIMINARY STATEMENT

4.    On March 24, 2015, Andreas Lubitz (hereinafter "Lubitz") was a Germanwings employee assigned to be the co-pilot of an Airbus A320-211 registered as

D-AIPX (hereinafter "subject aircraft") and operated by Germanwings as Flight 4U9525 that departed Barcelona, Spain with an intended destination of Dusseldorf, Germany (hereinafter the "subject flight").  Two pilots, four cabin crew and 144 passengers were on board the subject flight.

5.     Lubitz committed suicide during the subject flight and killed all persons on board by flying the subject aircraft into mountainous terrain near Alpes-de-Haute-Provence, France.  At approximately 9:30 a.m. CET, Lubitz locked the other pilot out of the cockpit and programmed the subject aircraft to descend. Over the next approximately 11 minutes the subject aircraft continued to change airspeed and descend toward the ground as the pilot repeatedly shouted for Lubitz to let him into the cockpit and pounded on the door in an effort to gain entry to the cockpit.  During this sequence of events until the moment of impact, the passengers experienced extreme fear of impending death, panic, pain, suffering and unimaginable mental anguish.  At approximately 9:41 a.m. CET the subject aircraft impacted terrain, killing all on board.

6.     As more fully set forth in this complaint, ATCA was negligent, careless and reckless and breached its duty of care to the passengers of Germanwings Flight 4U9525 in failing to properly screen Lubitz when he applied for admission to its commercial airline training center because, among other things, proper screening would have revealed his history of severe depression, suicidal ideations, hospitalization on account of such mental disorders and his dishonesty and untrustworthiness, making him unqualified to become a Lufthansa commercial airline pilot.

7.     During his flight training, ATCA failed to properly monitor Lubitz for

symptoms of psychological abnormalities, reactive depression and personality disorders and when Lubitz exhibited such symptoms ATCA failed to disqualify him from continuing his training to become a commercial airline pilot.

8.     Furthermore, ATCA was the gatekeeper to Lubitz's career as a Lufthansa commercial airline pilot and knew or should have known that Lubitz's mental disorders and lack of trustworthiness created the risk that were he not denied admission to its flight training program passengers in planes he piloted would be exposed to unreasonable risk of death and harm.

9.     ATCA's negligence, carelessness and recklessness were proximate causes of the deaths of the Germanwings Flight 4U9525 passengers.

### PARTIES

### Plaintiffs

10.     The plaintiffs, individually and as eligible beneficiaries, and as heirs and/or next of kin of passengers who were killed on the subject flight seek damages on account of their relatives' murder and wrongful death.

11.     Manuel Bandres Oto and Elisa Lopez-Belio are the parents of Marina Bandres Lopez-Belio, and are or will be appointed as personal representatives of the Estate of Marina Bandres Lopez-Belio, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Marina Bandres Lopez-Belio, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marina Bandres Lopez-Belio.

12.     Wilhelm Hubert Bahners and Martha Seidle are the parents of decedent

Frank Bahners, and are or will be appointed as personal representatives of the Estate of Frank Bahners, deceased. They bring this claim individually, as persons who are or will be appointed as personal representatives of the Estate of Frank Bahners, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Frank Bahners.

13.     Bernd Baum and Ingrid Baum are the guardians of minors Yannick Meyer and Lukas Meyer, the sons of decedents Stefan Meyer and Barbara Meyer.  Bernd Baum and Ingrid Baum bring this claim on behalf of Yannick Meyer and Lukas Meyer, beneficiaries of the claim for the wrongful death of Stefan Meyer and Barbara Meyer.

14.     Bringfried Baum and Ruth Baum are the parents of decedent Barbara Meyer and are or will be appointed as personal representatives of the Estate of Barbara Meyer, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Barbara Meyer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Barbara Meyer, including but not limited to Bernd Baum.

15.     Wilhelm Bergjürgen and Stefanie Assmann are the parents of decedent Linda Bergjürgen, and are or will be appointed personal representatives of the Estate of Linda Bergjürgen, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Linda Bergjürgen, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Linda Bergjürgen, including but not limited to Christian Bergjürgen.

16.     Frank Blendermann and Ulrike Blendermann are the parents of decedent

Tim Blendermann, and are or will be appointed as personal representatives of the Estate of Tim Blendermann, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Tim Blendermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Tim Blendermann, including but not limited to Anna-Lena Blendermann and Clemens Blendermann.

17.     Dr. Martin Bleß and Annette Bleß are the parents of decedent Elena Bleß, and are or will be appointed as personal representatives of the Estate of Elena Bleß, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Elena Bleß, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Elena Bleß.

18.     Elsbeth Blumhoff is the mother of decedent Sabine Jockheck.  Steffen Walter and Natalie Walter are the children of decedent Sabine Jockheck.  They are or will be appointed as personal representatives of the Estate of Sabine Jockheck, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Sabine Jockheck, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sabine Jockheck, including but not limited to Andrea Heikenfeld.

19.     Ana Quenty Bogado Benitez is the surviving spouse of decedent Ralph Schmidt and the mother of minors Gabriela Schmidt Bogado and Ralph Schmidt Bogado, the children of decedent Ralph Schmidt. Gunter Schmidt and Johanna Schmidt are the parents of Ralph Schmidt.  Ana Quenty Bogado Benitez, Gunter Schmidt and Johanna

Schmidt are or will be appointed as personal representatives of the Estate of Ralph Schmidt, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Ralph Schmidt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ralph Schmidt, including but not limited to Ania Munker.

20.     Andreas Bourgeois is the son of decedents Dietmar Bourgeois and Roswitha Bourgeois, and is or will be appointed as personal representative of the Estates of Dietmar Bourgeois, deceased, and Roswitha Bourgeois, deceased.  He brings this claim individually, as a person who is or will be appointed personal representative of the Estates of Dietmar Bourgeois, deceased, and Roswitha Bourgeois, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Dietmar Bourgeois and Roswitha Bourgeois, including but not limited to Rainer Bourgeois.

21.     Carole Anne Bramley and Philip Bramley are the parents of decedent Paul Bramley.  Carole Anne Bramley is or will be appointed as personal representative of the Estate of Paul Bramley, deceased. She brings this claim individually, as personal representative of the Estate of Paul Bramley, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Paul Bramley.  Philip Bramley brings this claim individually and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Paul Bramley.

22.     Oliver Brillert is the surviving spouse of decedent Sonja Cercek.  Josef Cercek is the surviving father of decedent Sonja Cercek. They are or will be appointed as personal representatives of the Estate of Sonja Cercek, deceased.   They bring this claim

individually, as persons who are or will be appointed personal representatives of the Estate of Sonja Cercek, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sonja Cercek.

23.    Olga Bryjak is the surviving spouse of Oleg Bryjak.  Dimitri Bryjak and Vasili Bryjak are the sons of decedent Oleg Bryjak.  Olga Bryjak, Dimitri Bryjak and Vasili Bryjak are or will be appointed as personal representatives of the Estate of Oleg Bryjak, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Oleg Bryjak, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Oleg Bryjak.

24.    Emine Celik is the sister of decedent Muradiye Lohmann and is or will be appointed as personal representative of the Estate of Muradiye Lohmann, deceased.  She brings this claim, individually, as a person who is or will be appointed personal representative of the Estate of Muradiye Lohmann, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Muradiye Lohmann, including but not limited to Efe Mukaddes, Atik Hatice, Riza Celik and Dondunur Yilmaz.

25.    Machiel Jozef Claassen and Petronella Andrea Van Doorne are the parents of decedent Iris Claassen and are or will be appointed as personal representatives of the Estate of Iris Claassen, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Iris Claassen, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Iris Claassen, including but not limited to Davy Andreas Antonius Claassen.

26.    Bernd Drüppel and Anne Drüppel are the parents of decedent Lea Drüppel

and are or will be appointed as personal representatives of the Estate of Lea Drüppel, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Lea Drüppel, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Lea Drüppel.

27.    Hilmar Eils is the father of decedent Selina Eils and is or will be appointed as personal representative of the Estate of Selina Eils, deceased. He brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Selina Eils, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Selina Eils, including but not limited to Niklas Eils.

28.    Hildegard Fandrich is the mother of decedent Kerstin Oelrich, and she brings this claim individually and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Kerstin Oelrich.

29.    Stefanie Fischenich is the surviving spouse of decedent Sven Fischenich and the mother of minor Maya Fischenich, daughter of decedent Sven Fischenich. Stefanie Fischenich brings this claim individually, on behalf of minor Maya Fischenich, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sven Fischenich.  Brigitte Fischenich and Jurgen Fischenich are the parents of decedent Sven Fischenich. Stefanie Fischenich, Brigitte Fischenich and Jurgen Fischenich are or will be appointed as personal representatives of the Estate of Sven Fischenich, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Sven Fischenich, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sven Fischenich, including but

not limited to Marc Fischenich.

30.     Tanja Fischer is the guardian of minor Lena Schenk, half-sister of decedent Felix Schenk, a minor.  Tanja Fischer is or will be appointed personal representative of the Estate of Felix Schenk, deceased. Klaus Radner is the grandfather of decedent Felix Schenk, a minor.  Sonja Hedermann is the grandmother of decedent Felix Schenk, a minor. Tanja Fischer, Klaus Radner and Sonja Hedermann are or will be appointed as personal representatives of the Estate of Felix Schenk, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Felix Schenk, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Felix Schenk.

31.     Mohammed Hojjatoleslami and Maryam Taherpour are the parents of decedent Milad Hojjatoleslami and are or will be appointed personal representative of the Estate Milad Hojjatoleslami, deceased.  They bring this claim individually, as persons who are or will be appointed personal representative of the Estate of Milad Hojjatoleslami, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Milad Hojjatoleslami, including but not limited to Mashid Hojjatoleslami.

32.     Herbert Gerdes and Sabine Wardenga-Gerdes are the parents of decedent Gina Gerdes and are or will be appointed as personal representatives of the Estate of Gina Gerdes, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Gina Gerdes, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Gina Gerdes.

33.     Jürgen Gortmann and Elke Gortmann are the parents of decedent Dennie Gortmann and are or will be appointed as personal representatives of the Estate of Dennie Gortmann, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Dennie Gortmann, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Dennie Gortmann, including but not limited to Marvin Gortmann.

34.     Philipp Gottschall is the surviving spouse of decedent Beatrix Gottschall. Vera Gottschall and Carolin Gottschall are the daughters of decedent Beatrix Gottschall. Rudolfa Wübbel is the mother of decedent Beatrix Gottschall.  They are or will be appointed as personal representatives of the Estate of Beatrix Gottschall, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Beatrix Gottschall, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Beatrix Gottschall.

35.     Peter Hahn and Petra Hahn are the parents of decedent Ann-Christin Hahn and are or will be appointed as personal representatives of the Estate of Ann-Christin Hahn, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Ann-Christin Hahn, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ann-Christin Hahn.

36.     Sonja Hedermann is the mother of decedent Sascha Schenk.  Lena Fischer is the daughter of Sascha Schenk. They are or will be appointed as personal representatives of the Estate of Sascha Schenk, deceased.  They bring this claim

individually, as persons who are or will be appointed personal representatives of the Estate of Sascha Schenk, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sascha Schenk.

37.     Edgar Hermann and Andrea Hermann are the parents of decedent Julia Hermann and are or will be appointed as personal representatives of the Estate of Julia Hermann, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Julia Hermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Julia Hermann.

38.     Harald Höfer and Manuela Höfer are the parents of decedent Christopher Höfer and are or will be appointed as personal representatives of the Estate of Christopher Höfer, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Christopher Höfer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Christopher Höfer, including but not limited to Anna Höfer.

39.     Mohammed Mehti Hojjatoleslami and Maryam Taherpour are the parents of decedent Milad Hojjatoleslami and are or will be appointed as personal representatives of the Estate of Milad Hojjatoleslami, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Milad Hojjatoleslami, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Milad Hojjatoleslami.

40.     Wanda Höltkemeyer is the mother of decedent Anke Kohlstädt and is or

will be appointed as personal representative of the Estate of Anke Kohlstädt, deceased. She brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Anke Kohlstädt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Anke Kohlstädt, including but not limited to Rolf Höltkemeyer.

41.     Brigitte Hülsmann is the sister of decedent Klaus Hülsmann and is or will be appointed as personal representative of the Estate of Klaus Hülsmann, deceased.  She brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Klaus Hülsmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Klaus Hülsmann, deceased.

42.     Julia Jockheck, Michaela Jockheck and Korinna Walther are the daughters of decedent Manfred Jockheck and are or will be appointed as personal representatives of the Estate of Manfred Jockheck, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Manfred Jockheck, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Manfred Jockheck, including but not limited to Werner Jockheck.

43.     Susanne Klüh is the surviving spouse of decedent Stefan Klüh.  Annemarie Klüh is the mother of decedent Stefan Klüh.  They are or will be appointed as personal representatives of the Estate of Stefan Klüh, deceased.   They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Stefan Klüh, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefan Klüh.

44.     Herbert Koch and Anne Koch are the parents of Marleen Koch and are or will be appointed as personal representatives of the Estate of Marleen Koch, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Marleen Koch, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marleen Koch, including but not limited to Maren Koch and Frederike Koch.

45.     Günter Kohlstädt and Ursula Kohlstädt are the parents of decedent Michael Kohlstädt and are or will be appointed as personal representatives of the Estate of Michael Kohlstädt, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Michael Kohlstädt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Michael Kohlstädt, including but not limited to Ralph Kohlstädt and Gabriele Löchel.

46.     Mark Kevin Kohlstädt and Emily Lara Kohlstädt, a minor, are the children of decedents Michael Kohlstädt and Anke Kohlstädt.  Gabriele Löchel is the guardian of minor Emily Lara Kohlstädt.  Mark Kevin Kohlstädt is or will be appointed as personal representative of the Estates of Micheal Kohlstädt, deceased, and Anke Kohlstädt, deceased.  Mark Kevin Kohlstädt brings this claim individually, as a person who is or will be appointed personal representative of the Estates of Michael Kohlstädt, deceased, and Anke Kohlstädt, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Michael Kohlstädt and Anke Kohlstädt.  Gabriele Löchel brings this claim on behalf of Emily Lara Kohlstädt, a minor.

47.     Karl Korolczuk and Danuta Korolczuk are the parents of decedent Maik

Korolczuk and are or will be appointed as personal representatives of the Estate of Maik Korolczuk. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Maik Korolczuk, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maik Korolczuk, including but not limited to Astrid Korolczuk.

48.     Emil Kraus and Elisabeth Kraus are the parents of decedent Peter Kraus Heinz and are or will be appointed as personal representatives of the Estate of Peter Kraus Heinz, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Peter Kraus Heinz, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Peter Heinz Kraus.

49.     Joachim Lehmann is the father of Diana Lehmann and is or will be appointed as personal representative of the Estate of Diana Lehmann, deceased.  He brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Diana Lehmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Diana Lehmann, including but not limited to Deborah Lehmann and Sarah Brouwer.

50.     Esther Lopez Llopis is the surviving spouse of Dirk Oppenau.  Gina Oppenau Lopez and Noel Oppenauu Lopez are the children of Dirk Oppenau.  Gertrud Gehlen is the mother of Dirk Oppenau. They are or will be appointed as personal representatives of the Estate of Dirk Oppenau, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the

Estate of Dirk Oppenau, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Dirk Oppenau, including but not limited to Hans-Gunther Oppenau.

51.     Karl Ludwig is the father of decedent Bettina Ludwig and is or will be appointed as personal representative of the Estate of Bettina Ludwig, deceased. He brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Bettina Ludwig, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Bettina Ludwig.

52.     Andreas Lütkenhaus and Kirsten Lütkenhaus are the parents of decedent Paula Lütkenhaus and are or will be appointed as personal representatives of the Estate of Paula Lütkenhaus, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Paula Lütkenhaus, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Paula Lütkenhaus, including but not limited to Simon Lütkenhaus, Anna Lütkenhaus, Johannes Lütkenhaus and Luise Lütkenhaus.

53.     Dominik Marcol is the surviving spouse of decedent Maria de Paplo Nuno. Consuelo de Nuno Carazo is the mother of decedent Maria de Paplo Nuno. They are or will be appointed as personal representatives of the Estate of Maria de Paplo Nuno, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Maria de Paplo Nuno, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maria de Paplo Nuno, including but not limited to Javier de Paplo Nuno and Belinda de Paplo Nuno.

54.     Sharon Anne Matthews is the surviving spouse of decedent Martyn Matthews and is or will be appointed personal representative of the Estate of Martyn Matthews, deceased.  She brings this claim individually, as personal representative of the Estate of Martyn Matthews, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Martyn Matthews.  Nathan Luke Matthews is the son of decedent Martyn Matthews.  Jade Matthews is the daughter of decedent Maryn Matthews.  Iris Matthews is the mother of decedent Martyn Matthews.  They bring this claim individually and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Martyn Matthews.

55.     Christine Maue is the mother of decedent Claudia Diemer.  Beate Maue is the sister of decedent Claudia Diemer.  They are or will be appointed as personal representatives of the Estates of Jürgen Diemer, deceased, and Claudia Diemer, deceased. They bring this claim individually, as persons who are or will be personal representative of the Estate of Jürgen Diemer, deceased, and Claudia Diemer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Claudia Diemer and Jürgen Diemer, including but not limited to Angelika Rathofer and Marlies Ball.

56.     Anna Maria Gallego is the mother of minor Ann-Kathrin Medrano Gallego, daughter of decedent Luis Eduardo Medrano Aragon, and is or will be appointed as the personal representative of the Estate of Luis Eduardo Medrano Aragon, deceased. She brings this claim individually, as natural parent of minor Ann-Kathrin Medrano Gallego, as a person who is or will be appointed personal representative of the Estate of Luis Eduardo Medrano Aragon, deceased, and on behalf of all eligible beneficiaries of claims

arising from the wrongful death of Luis Eduardo Medrano Aragon;

57.   Heide Meurer and Bernd Koch are the parents of decedent Lutz Koch and are or will be appointed as personal representatives of the Estate of Lutz Koch, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Lutz Koch, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Lutz Koch.

58.   Udo Meyer and Ruth Meyer are the parents of decedent Stefan Meyer and are or will be appointed as personal representatives of the Estate of Stefan Meyer, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Stefan Meyer, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefan Meyer, including but not limited to Frank Meyer and Jessica Meyer.

59.   Frank Noack and Jana Noack are the parents of decedent Juliane Noack and are or will be appointed as personal representatives of the Estate of Juliane Noack, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Juliane Noack, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Juliane Noack.

60.   Carolin Oelrich and Chistiane Oelrich are the daughters of decedents Andreas Oelrich and Kerstin Oelrich and are or will be appointed as personal representatives of the Estates of Andreas Oelrich, deceased, and Kerstin Oelrich, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estates of Andreas Oelrich, deceased, and Kerstin Oelrich,

deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful deaths of Andreas Oelrich and Kerstin Oelrich, including but not limited to Claudia Rautenberg and Wolfgang Oelrich.

61.     Hilde Oelrich is the mother of decedent Andreas Oelrich, and she brings this claim individually and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Andreas Oelrich.

62.     Günter Olthoff and Heidi Olthoff are the parents of decedent Geert Olthoff and are or will be appointed as personal representatives of the Estate of Geert Olthoff, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Geert Olthoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Geert Olthoff, including but not limited to Frank Olthoff.

63.     Pawel Pracz is the surviving spouse of decedent Marina Bandres Lopez-Belio and the father of decedent Julian Pracz-Bandres.  He is or will be appointed personal representative of the Estates of Marina Bandres Lopez-Belio, deceased, and Julian Pracz-Bandres, deceased.  He brings this claim individually, as a person who is or will be appointed personal representative of the Estates of Marina Bandres Lopez-Belio, deceased, and Julian Pracz-Bandres, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marina Bandres Lopez-Belio and Julian Pracz-Bandres.

64.     Herman Püntmann and Annemarie Püntmann are the parents of decedent Ann-Kathrin Püntmann and are or will be appointed as personal representatives of the

31

Estate of Ann-Kathrin Püntmann, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Ann-Kathrin Püntmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Ann-Kathrin Püntmann, including but not limited to Kai Püntmann, Jana Püntmann and Carina Püntmann.

65.     Klaus Radner is the father of decedent Maria Radner and is or will be appointed as personal representative of the Estate of Maria Radner, deceased. He brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Maria Radner, deceased, and on behalf of all eligible beneficiaries of the claims for the wrongful death of Maria Radner, including but not limited to Anna Radner and Bozidar Radner.

66.     Gladys Razo and Saturnino Ajón Tirado are the parents of decedent Daniela Ajón Razo and are are or will be appointed as personal representatives of the Estate of Daniela Ajón Razo, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Daniela Ajón Razo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Daniela Ajón Razo.

67.     Dirk Rogge and Anne Rogge are the parents of Fabio Rogge and are or will be appointed as personal representatives of the Estate of Fabio Rogge, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Fabio Rogge, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Fabio Rogge.

68.     Mayuko Sato is the surviving spouse of decedent Junichi Sato and the mother of minors Ren Sato and Nanoka Sato, the children of decedent Junichi Sato. Mayuko Sato is or will be appointed personal representative of the Estate of Junichi Sato, deceased.  Mayuko Sato brings this claim individually, on behalf of minors Ren Sato and Nanoka Sato, as a person who is or will be appointed personal representative of the Estate of Junichi Sato, deceased and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Junichi Sato.

69.     Wilhelm Scheideler and Kerstin Stürzebecher are the parents of decedent Rabea Scheideler and are or will be appointed as personal representatives of the Estate of Rabea Scheideler, deceased.  They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Rabea Scheideler, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Rabea Scheideler.

70.     Helmut Erwin Schenk is the father of decedent Stefanie Schenk and is or will be appointed as personal representative of the Estate of Stefanie Schenk, deceased. He brings this claim individually, as a person who is or will be appointed personal representative of the Estate of Stefanie Schenk, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefanie Schenk, including but not limited to Andreas Schenk.

71.     Ferdinand Schmitz is the uncle of decedent Jessica Hülsmann.  Sabine Röhlinger is the aunt of Jessica Hülsmann.  Brigitte Hülsmann is the aunt of Jessica Hülsmann.  They are or will be appointed as personal representative of the Estate of

Jessica Hülsmann, deceased.  They bring this claim individually, as persons who are or will be personal representatives of the estate of Jessica Hülsmann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Jessica Hülsmann, including but not limited to Thorsten Peters.

72.    Ludwig Schonebeck and Ulrike Schonebeck are the parents of decedent Erik Schonebeck and are or will be appointed as personal representatives of the Estate of Erik Schonebeck, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Erik Schonebeck, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Erik Schonebeck.

73.    Dietrich Schützler is the surviving spouse of decedent Karin Schützler. Franziska Kusserow is the daughter of decedent Karin Schützler.  Matthias Schützler is the son of decedent Karin Schützler. They are or will be appointed as personal representative of the Estate of Karin Schützler, deceased.   They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Karin Schützler, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Karin Schützler.

74.    Rolf Schukart and Petra Schukart are the parents of decedent Lea Schukart and are or will be appointed as personal representatives of Estate of Lea Schukart, deceased.  They bring this claim individually, as persons who are or will be personal representatives of Estate of Lea Schukart, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Lea Schukart, including but not

limited to Lea Schukart.

75.     Thomas Siebe and Marion Siebe are the parents of decedent Helena Siebe and are or will be appointed as personal representatives of the Estate of Helena Siebe, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Helena Siebe, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Helena Siebe, including but not limited to Finn Siebe.

76.     Danny Smailagić is the son of decedents Emira Smailagić and Fehret Smailagić and is or will be appointed personal representative of the Estates of Emira Smailagić, deceased, and Fehret Smailagić, deceased.  He brings this claim individually, as a person who is or will be appointed personal representative of the Estates of Emira Smailagić, deceased, and Fehret Smailagić, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Emira Smailagić and Fehret Smailagić, including but not limited to Dulistana Habibovic and Renata Walter.

77.     Michael Soblik and Gila Soblik are the parents of Larissa Soblik and are or will be appointed as personal representatives of the Estate of Larissa Soblik, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Larissa Soblik, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Larissa Soblik, including but not limited to Leonie Hering.

78.     Andreas Stahl and Cornelia Stahl are the parents of decedent Sebastian Stahl and are or will be appointed as personal representatives of the Estate of Sebastian

Stahl, deceased.   They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Sebastian Stahl, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Sebastian Stahl, including but not limited to Maximilian Stahl.

79.     Jürgen Strang and Dagmar Strang are the parents of decedent Steffen Strang and are or will be appointed personal representatives of the Estate of Steffen Strang, deceased. They bring this claim individually, as persons who are or will be appointed personal representative of the Estate of Steffen Strang, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Steffen Strang.

80.     Carlos Andres Suarez Acosta is the surviving spouse of decedent Maria del Pilar Tejada Ocampo.   Marleny Concepcion Ocampo Molano and Luis Eduardo Tejada Arellano are the parents of decedent Maria del Pilar Tejada Ocampo.   They are or will be appointed as personal representatives of the Estate of Maria del Pilar Tejada Ocampo, deceased.   They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Maria del Pilar Tejada Ocampo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Maria del Pilar Tejada Ocampo, including but not limited to Luis Andres Tejada Ocampo and Juan Pablo Tejada Ocampo.

81.     Hassan Tahrioui and Fadila El Boujjoufi are the parents of decedent Mohamed Tahrioui and are or will be appointed as personal representative of the Estate of Mohamed Tahrioui, deceased. They bring this claim individually, as persons who are or will be appointed personal representative of the Estate of Mohamed Tahrioui,

deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Mohamed Tahrioui, including but not limited to Lina Tahrioui.

82.   Engelbert Tegethoff and Brigitte Tegethoff are the parents of decedent Stefanie Tegethoff and are or will be appointed personal representative of the Estate of Stefanie Tegethoff, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Stefanie Tegethoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Stefanie Tegethoff.

83.   Hans-Wolfgang Treppe and Eva-Marie Treppe are the parents of decedent Thomas Treppe and are or will be appointed as personal representatives of the Estate of Thomas Treppe, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Thomas Treppe, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Thomas Treppe, including but not limited to Carsten Treppe.

84.   Peter Venhoff and Anke Venhoff are the parents of decedent Aline Venhoff and are or will be appointed as personal representatives of the Estate of Aline Venhoff, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Aline Venhoff, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Aline Venhoff, including but not limited to Janik Venhoff and Luis Venhoff.

85.   Wolfgang Voß and Brigitte Voß are the parents of decedent Jens Voß and are or will be appointed as personal representatives of the Estate of Jens Voß, deceased.

They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Jens Voß, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Jens Voß.

86.     Günter Welters and Margarete Sadlo are the parents of decedent Kristina Sadlo and are or will be appointed as personal representatives of the Estate of Kristina Sadlo, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Kristina Sadlo, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Kristina Sadlo, including but not limited to Alexandra Pabst.

87.     Ludger Westermann and Silke Westermann are the parents of decedent Caja Westermann and are or will be appointed as personal representatives of the Estate of Caja Westermann, deceased. They bring this claim individually, as persons who are or will be appointed personal representatives of the Estate of Caja Westermann, deceased, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Caja Westermann.

### Defendant Airline Training Center Arizona, Inc.

88.     Airline Training Center Arizona, Inc. (hereinafter "ATCA") is a corporation organized in Arizona and has its principal place of business at the Phoenix-Goodyear Airport in Goodyear, Arizona.

### BACKGROUND AND GENERAL ALLEGATIONS

89.     At all relevant times herein, ATCA was and is a wholly-owned subsidiary of Lufthansa Flight Training GmbH (hereinafter "LFT").

90.     At all relevant times herein, LFT was and is a wholly-owned subsidiary of Deutsche Lufthansa AG (hereinafter "Lufthansa"), also known as Lufthansa Airlines.

91.     Lufthansa owns and operates Germanwings, a low cost airline (rebranded since the crash as Eurowings).

92.     ATCA was organized in 1992 by LFT as a for-profit commercial airline pilot training center and flight school in the United States charged with, among other things, providing support to Lufthansa's airline pilot flight training program and student pilot development activities.

93.     At all relevant times herein, ATCA advertises its commercial airline training services and that it provides those services to several commercial airline operators, including Lufthansa Airlines, one of the world's leading carriers.

94.     According to ATCA's website, ATCA is training "all Lufthansa pilots" to become commercial airline pilots "for 40+ years."

95.     At all relevant times herein, ATCA holds itself out as a "Lufthansa Company" and one of "the best" flight schools in the world and claims on its website that ATCA is a "world class pilot training facility" with "students from all over the globe" specializing in training foreign pilot candidates to become commercial airline pilots.

96.     At all relevant times herein, the primary, if not exclusive, purpose of ATCA is to select and train "only the most qualified" candidates to "fly with the best" and become commercial airline pilots.

97.     Lufthansa's and LFT's airline pilot training program were feeders to ATCA and all student pilot candidates who participate in the program begin their aircraft flight

training at ATCA.

98.    Since its founding in 1992,  ATCA knew that nearly all (98% according to ATCA statistics) of the student pilot candidates who were accepted and completed ATCA's flight training program would become commercial airline pilots, and would become part of the pool from which Lufthansa and Germanwings airline pilots would be selected for passenger-carrying commercial flights.

99.    At all relevant times herein, ATCA knew that nearly all of its student pilots would become commercial airline pilots charged with the responsibility to safely transport passengers to destinations around the globe in modern aircraft with sophisticated, complex and advanced systems under stressful and demanding circumstances.

100.    ATCA's President and CEO, Captain Matthias Kippenberg, addressing the "NTSB Safety Forum on Professionalism in Aviation" (May 18-20, 2010) on behalf of ATCA,  affirmed ATCA's obligation as an commercial airline training center and flight school to adhere to "the highest safety standards" and "stringent [student and pilot]" selection criteria saying:  "The highest level of safety standards and professionalism in airline pilot training can be achieved by a stringent selection to retain students with defined aptitudes and personality as a solid basis for comprehensive and ambitious Ab Initio Pilot Training."

101.    At all relevant times herein, as articulated by CEO and President Kippenberg, ATCA has acknowledged its duty to carefully select and screen its student pilot candidates to ensure they have the requisite intelligence, disposition, temperament,

psyche and mental fitness to become reliable and safe commercial airline pilots responsible for safely transporting passengers on commercial flights.

102.    ATCA had a duty to the flying public and to the passengers of the subject flight, to use reasonable care only to admit potential candidates into its airline flight training program who could meet the exacting standards of a commercial airline pilot and ATCA knew that an unqualified pilot posed a grave risk to the safety of the passengers.

103.    At all relevant times herein, CEO and President Kippenberg stressed the need for ATCA to evaluate a student's "technical" and "interpersonal" competence at the earliest possible stage of their airline pilot flight training program.

104.    At all relevant times herein, as emphasized by CEO and President Kippenberg, ATCA has acknowledged its duty to monitor its student pilot candidates during training to ensure they have the requisite personality and mental fitness to effectively communicate, work with others, handle and manage stressful situations and make correct decisions as airline pilots in order to safely transport passengers on commercial flights.

105.    According to ATCA's standard operating procedures, and consistent with its acknowledged duty to have a "stringent" pilot trainee selection process and policy, all Lufthansa student pilots who applied to the ATCA airline training center in Arizona are required to obtain and present to ATCA a German Airman's Medical Certificate and a U.S. FAA Airmen's Medical Certificate as a condition of acceptance into its program and before commencement of flight training.

106.    At all relevant times herein, when selecting and screening potential student

pilot candidates, ATCA had a duty to examine its students' medical certificates and to make certain that no applicant was accepted into its airline pilot training program who had a history of a mental or physical disability, displayed a lack of technical competence, or presented any other risk by reason of a mental or physical condition that would disqualify the candidate from performing the duties of a commercial airline pilot.

107.   Upon information and belief, a purpose of obtaining two medical certificates was to ensure that no student pilot candidate would be accepted into the ATCA flight training program or be allowed to proceed to become a pilot of commercial aircraft if he had a disqualifying medical history or current mental or physical condition that would make him or her unsuited to be a commercial airline pilot and to preclude the risk that he or she would not properly, safely and reliably act in the capacity of pilot or co-pilot and cause harm to the passengers.

108.   A further purpose of ATCA's two-medical-certificate requirement is to alert its employees charged with selecting, training and supervising the medical certificate holder of any limitations or restrictions, and, if there are limitations or restrictions, ascertain whether the limitations or restrictions pose a risk that the applicant may not be suited to become a safe commercial airline pilot.

109.   Limitations or restrictions on an applicant's medical certificate require ATCA to exercise increased vigilance, monitoring, or supervision of the certificate holder.

110.   A person with a history of reactive depression, suicidal ideations or attempted suicide is not qualified to be a pilot of a commercial airline.

## **ANDREAS LUBITZ AND ATCA**

111.   On or before April, 2008, Lubitz began the process of becoming a commercial airline pilot for Lufthansa/Germanwings.

112.   On or before June 2010, Lubitz began the process of applying for admission to ATCA's airline flight training program in Arizona.

113.   Upon information and belief, in order to comply with ATCA's mandatory requirement that he obtain and present both a German and FAA medical certificate as part of his application to ATCA's airline flight training program, Lubitz filed an application (dated June 14, 2010) with the FAA for a Third Class medical certificate.

114.   Upon information and belief, on or before November, 2010, Lubitz presented both his German and FAA medical certificates to ATCA.

115.   Lubitz's German medical certificate had a special notation/restriction printed on the certificate itself, to wit "FRA 091/09 – REV".

116.   The notation was printed on the German medical certificate to indicate that his  medical certificate would become invalid if there was a relapse or recurrence of his depression.

117.   Lubitz's FAA medical certificate did not have a notation printed on the certificate itself, but it was issued with a warning relating to his history of "reactive depression," which "prohibited operation of an aircraft any time new symptoms or adverse changes occur or at any time medication and/or treatment is required."

118.   The World Health Organization defines depression as a "mental disorder …. [which] can be long lasting or recurrent, substantially impairing a person's ability to

function at work or school, or cope with daily life, at its most severe, depression can lead to suicide."

119.   In light of the special notation or "red flag" on Lubitz's German medical certificate, ATCA had a duty to determine the nature of the restrictions, conditions, limitations and warnings that applied to both of Lubitz's medical certificates and whether Lubitz's medical history was evidence of a lack of mental fitness and a risk of a recurrence of his mental disorders such that he should not be accepted into the airline flight training program.

120.   On or before November 8, 2010, Lubitz was accepted into and began his ATCA pilot training in Arizona, completing the training on March 2, 2011.

## ATCA NEGLIGENCE

121.   Plaintiffs repeat and reallege each and every allegation heretofore set forth in this Complaint.

122.   ATCA knew, should have known, or could have determined that Lubitz, at the time he presented himself for admission to ATCA, had an extensively documented history of dangerous and debilitating psychotic and depressive conditions, including reactive depression, that his treatment for those disorders included doctor-prescribed medication that prevented Lubitz from pilot training, and that the disorders were "resurgent" and "recurrent."

123.   Further, ATCA knew or should have known that Lubitz intentionally and unlawfully denied and lied about his history of mental disorders.

124.   ATCA was negligent, reckless and careless in admitting Lubitz to its flight

44

school by reason of the fact that it failed to exercise the "stringent" screening standard it acknowledged constitutes the standard of care for admission to its program.

125.   ATCA was negligent, reckless and careless and breached its duty of care to all the people who were passengers on the Lubitz-piloted Germanwings Flight 9525 in failing to recognize and investigate the reasons for German Class 1 Medical Certificate "FRA 091/09 – REV" restriction and the anomaly of the FAA's July 2010 issuance of a Third Class medical certificate.

126.   At a minimum, the FRA 091/09 – REV restriction was a red flag which put ATCA on notice that Lubitz was a problematic flight training candidate and one who required heightened, continuous and vigilant scrutiny of his mental health and suitability to become a commercial airline pilot.

127.   The REV restriction made it imperative that ATCA inquire further into Lubitz's history of medical treatment to determine whether or not the restriction was evidence of a risk to the flying public which warranted rejection of Lubitz's request for admission to the ATCA pilot training program.

128.   The crash of the subject flight and the resulting deaths of all of plaintiffs' passenger decedents on whose account this wrongful death action is brought were proximately caused by the negligent acts and omissions of defendant ATCA, by and through its officers, agents, employees and representatives, in that defendant ATCA breached its duties and failed to use appropriate and reasonable care under the circumstances in selecting, screening, admitting and training a student pilot candidate (Lubitz) to become a commercial airline pilot when ATCA knew or should have know

that he had a history of recurrent mental disorders (including reactive depression with suicidal ideations), which he knowingly concealed in order to avoid disqualification from ATCA's airline pilot flight training in the US.

129. Specifically and furthermore, ATCA was negligent, careless, or reckless and breached its duty of care in one or more of the following ways:

a. ATCA failed to use reasonable care in selecting, screening and admitting student pilot candidate Lubitz for its airline flight training program and failed to otherwise ensure that Lubitz had the requisite mental fitness to become a reliable and safe commercial airline pilot and that he did not pose a risk to the safe transport of passengers on commercial flights.

b. ATCA failed to use reasonable care in following its own "stringent" standard of care with respect to the selection and screening of pilot candidate Lubitz for its airline pilot training program.

c. ATCA failed to use reasonable care to determine whether Lubitz's medical history of a severe mental disorder, including suicidal ideation, indicated a continuing lack of mental fitness and presented a risk of a recurrence or relapse which made him unqualified to be a commercial airline pilot.

d. ATCA failed to recognize that the limitations, special conditions, restrictions or warnings on Lubitz's medical certificates evidenced psychological and mental disorders that posed a risk to passengers

and flight safety such that he should have been deemed unqualified to be a commercial airline pilot.

e.      ATCA failed to examine Lubitz's medical history, application and background and was thus unable to fulfill its obligation to exercise reasonable care to determine whether Lubitz had the requisite good character, honesty, trustworthiness, skills, personality and aptitude necessary to be a safe and reliable commercial airline pilot and to determine whether  he had any mental and/or physical condition which warranted rejection of his application to ATCA's airline flight training program.

f.      ATCA failed to determine when Lubitz's anti-depressant medications were discontinued and failed to confirm that there would be no recurrence of Lubitz's severe mental disorder if his medication regime was discontinued.

g.      ATCA failed to obtain and review Lubitz's medical records.

h.      ATCA failed to carefully monitor Lubitz during training to ensure he had the mental fitness to effectively handle and manage the inevitable stressful situations an airline pilot would face while transporting passengers on commercial flights.

i.      ATCA failed to monitor Lubitz to ensure that he did not exhibit symptoms which would violate the special conditions, restrictions or limitations on his medical certificates.

j.     Upon Information and belief, ATCA flight instructors failed to properly monitor Lubitz to insure that he did not suffer or exhibit signs or symptoms of any psychological abnormality or personality disorder that disqualified him from graduating from its airline flight training program, obtaining a pilot license, or piloting a Lufthansa or other commercial airplane with passengers.

k.     ATCA failed to discover that pilot candidate Lubitz made false statements to the FAA by denying and concealing his severe mental disorder on his FAA medical application in violation of federal regulations.

l.     Upon information and belief, ATCA failed to properly monitor and observe Lubitz's behavior, demeanor and temperament while Lubitz was at its Arizona training facility and failed to recognize symptoms and personality traits that disqualified him from becoming a commercial airline pilot.

m.     Upon information and belief, during Lubitz's flight training at ATCA he exhibited signs and symptoms of psychological abnormalities, reactive depression and personality disorders and ATCA failed to disqualify him from obtaining a pilot license and from continuing his training to become a commercial airline pilot.

130.     Had ATCA exercised due care under the circumstances and conducted a reasonably diligent inquiry into Lubitz's medical and mental health history, ATCA would

have discovered that:

a. Less than two years before seeking admission to ATCA airline flight training program, Lubitz suffered psychotic and severe depressive episodes, that were triggered by the stress associated with his basic aviation academic coursework, academic workload and being away from home.

b. Lubitz suspended his academic course work because of his severe depressive disorder for nearly 10 months.

c. During the period of his "suspension" due to his severe depression, Lubitz was hospitalized and underwent nine months of extensive and intensive psychotherapy for severe depressive episodes, anxiety and suicidal ideations. Lubitz's treatment included the use of multiple anti-depressant medications that previously disqualified him for flight training and, if taken again, would disqualify him for future flight training and piloting commercial aircraft.

d. On April 9, 2009, Lubitz was unable to obtain revalidation of his medical certificate because he was still being treated with pilot-prohibiting medications for his debilitating depressive episodes.

e. On July 14, 2009, Lubitz's second application for revalidation of his Class 1 German medical certificate was denied because of his severe depressive disorder.

f. On July 28, 2009, Lubitz was issued a "special" Class 1 medical

49

certificate, which included a rare restriction on the certificate (flagged as "FRA 091/09 – REV") stating it would become invalid if he had a relapse or recurrence of depression.

g.  Lubitz was never determined by medical professionals to be entirely cured of his mental health illnesses but, at best, was deemed to be in remission.

h.  On June 14, 2010, Lubitz knowingly concealed his true medical history, past medical diagnoses and lengthy treatment, including hospitalization, for multiple psychotic and mental disorders when he falsely certified on his FAA medical application that he had never "in [his] life been diagnosed with, had, or . . . presently ha[d]… 'mental disorders of any sort, depression, anxiety, etc.'"

i.  Lubitz violated 14 C.F.R. §61.59(a)(1) and 61.59(b) by reason of the fact that he knowingly and intentionally made false statements on his June 14, 2010, FAA application for a medical certificate, denying any history of "mental disorders," thus demonstrating a lack of trustworthiness, dishonesty and a willingness to violate rules in order to conceal his recurrent mental health conditions.

j.  On June 18, 2010, a doctor, not Lubitz, corrected the false statement about Lubitz's mental disorder.  The corrected application highlighted that Lubitz suffered from "reactive depression caused by a decompensation subsequent to excessive demands."

50

k.   On July 8, 2010, the FAA deferred granting Lubitz a Third Class medical certificate "Due to [his] history of reactive depression …" and requested a detailed status report from his current presiding physicians.

l.   The two opinion letters issued by Lubitz's treating doctor which were submitted to the FAA in support of Lubitz's application for a medical certificate were internally inconsistent and inadequate.

m.   On July 28, 2010 the FAA medical certificate was issued with an accompanying warning that because of his history of reactive depression operation of an aircraft was prohibited if at any time new symptoms or adverse changes occur or at any time medication and/or treatment is required.

n.   The FAA warning issued with Lubitz's medical certificate recognized the potential for Lubitz to have recurrent depressive episodes.

131.   Upon information and belief, no one in the employ of ATCA, nor any designee or agent of ATCA, ever determined what the "special condition(s)/restrictions" were that prompted placing the "FRA 091/09-REV" designation on Lubitz's German medical certificate.

132.   Upon information and belief, no one in the employ of ATCA, nor any designee or agent of ATCA, ever sought to determine whether Lubitz's FAA Third Class medical certificate was issued with a warning or restrictions and what those restrictions

or warnings were.

133.    Upon information and belief, ATCA failed to recognize the significance of the fact that Lubitz's German certificate was, on its face, flagged with a warning and the FAA certificate, on its face, was not.

134.    Upon information and belief, at no time did anyone in the employ of ATCA nor any designee or agent of ATCA ever make any inquiry of Lubitz or anyone else to determine the status of Lubitz' mental health, his history of depression, his depression medication history and/or whether he was taking physician-prescribed or over-the-counter medication for depression, anxiety or any other purpose.

135.    Upon information and belief, based upon Lubitz's history of mental disorders ATCA should not have accepted him and, as the head of Lufthansa's department of aviation psychology at the time of Lubitz's hiring at Germanwings said: "If [I] had known about [Lubitz's] medical problems with depression before starting his flying career *and during his primary training*, [I] probably would not have accepted him." (*The New York Times*, April 15, 2015) (Emphasis added).

136.    Despite the numerous red flags and risks raised by Lubitz's application, ATCA nevertheless breached its duty by admitting him into its airline flight training program and set him on the direct path to being a Lufthansa or Germanwings pilot.

137.    At the time Lubitz sought admission to ATCA, ATCA was in the best position to stop Lubitz from becoming a commercial airline pilot.

138.    At the very least, ATCA had constructive notice of Lubitz's recurring and debilitating psychosis, depression and suicidal ideations, and was in the best position to

monitor, scrutinize and evaluate Lubitz's mental health and determine whether he was mentally unfit to continue airline flight training at ATCA.

139.   ATCA was therefore negligent, reckless and careless in failing to properly monitor Lubitz to ensure that his latent psychotic, depressive and suicidal conditions did not recur and that he was not taking medication for these conditions.

140.   The foregoing failures were proximate, contributing and foreseeable causes of the deaths of the Germanwings Flight 9525 passengers because had ATCA not been negligent and careless and, indeed, exercised reasonable care in screening and monitoring Lubitz, he would not have been admitted to the ATCA program and would not have become a commercial pilot with recurring psychotic, depressive and suicidal disorders.

141.   ATCA by its negligence, carelessness and recklessness enabled Lubitz to act out his suicidal mission and commit the tragic and devastating murder of all passengers on board Flight 9525.

## COMPENSATORY DAMAGES

142.   Plaintiffs repeat and reallege each and every allegation heretofore set forth in this Complaint.

143.   For the foregoing reasons each plaintiff is entitled to recover such damages from ATCA on account of the wrongful death of their relative as will constitute full and fair compensation, to the extent the law will allow, including damages for their loss of support, loss of inheritance and accumulations, loss of love, affection, consortium, companionship, protection, comfort and guidance, loss of society, loss of mutual benefits inherent in family relationships, loss of services, each passenger's pre-impact fear of

impending death as well as compensation for the pain, mental suffering, grief, sorrow, stress, shock they each sustained by reason of their loved one's murder.

WHEREFORE, Plaintiffs seek the entry of judgment for damages against ATCA in such amounts as a jury determines is just, full and fair compensation, together with interest and costs.

### JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

RESPECTFULLY SUBMITTED this 13th day of April, 2016.

KREINDLER & KREINDLER LLP

By  /s Francis G. Fleming
        Francis G. Fleming
        State Bar No. 004375
        Brian J. Alexander
        Marc S. Moller
        750 Third Avenue
        New York, NY  10017

        *Attorneys for Plaintiffs*

54