Floyd P. Bienstock (006299)
Douglas D. Janicik (021522)
STEPTOE & JOHNSON LLP
201 E. Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
fbienstock@steptoe.com
djanicik@steptoe.com
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

Christopher Carlsen (*Pro Hac Vice*)
CLYDE & CO US LLP – New York, NY
405 Lexington Avenue, 16th Floor
New York, New York 10174
christopher.carlsen@clydeco.us
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bandres Oto and Elisa Lopez-Belio, individually, and on behalf of all eligible beneficiaries of claims arising from the wrongful death of Marina Bandres Lopez-Belio, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Airline Training Center Arizona, Inc.,<br><br>Defendant. | Case No. CV-01027-PHX-DJH |

**DECLARATION OF PROF. DR. ANSGAR
STAUDINGER IN SUPPORT OF DEFENDANT
AIRLINE TRAINING CENTER ARIZONA, INC.'S
MOTION TO DISMISS COMPLAINT**

I, Professor Dr. Ansgar Staudinger hereby declare as follows:

1. I am employed as a Professor of Civil Law, International, Private, Procedural and Commercial Law at Bielefeld University in Germany. I have held this position since 2003. I completed my first state law examination at the Albert-Ludwig University of Freiburg located in Germany in 1993. I completed the law assessor exam in Düsseldorf in

1995 therewith being licensed to practice law in Germany. Following this, I received a doctorate from Heinrich Heine University in Düsseldorf, Germany in 1998. I completed my postdoctoral lecturing qualification at Münster University in Germany in 2003. My background, including my professional memberships and publications, is set forth in Exhibit "A" hereto. I submit this Declaration in support of the motion of Airline Training Center Arizona, Inc. ("ATCA") for dismissal on the grounds of *forum non conveniens*.

2. I have reviewed the Complaint filed by Manual Bandres Oto, *et al.* ("plaintiffs") in this litigation seeking damages arising out of the deaths of their decedents in the crash of Germanwings Flight No. 4U9525 on March 24, 2015.

**Summary of My Opinions**

3. Based upon the allegations contained in the Complaint and other information provided to me, and my experience and evaluation of the law and practice in Germany, I am of the firm opinion that plaintiffs would be able to bring an action on their claims against ATCA in the courts of Germany, and that German law provides adequate remedies for their claims. Accordingly, in my opinion, Germany provides an adequate forum for plaintiffs to pursue their claims against ATCA.

4. I have been advised that Germanwings, the operator of Flight No. 4U9525, has agreed not to contest liability for full compensatory damages available under the applicable law in connection with the deaths of plaintiffs' decedents in the crash. I am of the opinion that plaintiffs would be able to bring an action against Germanwings in the courts of Germany for their claims arising out of the deaths of their decedents, that the German courts would accept and enforce Germanwing's agreement not to contest liability for compensatory damages arising out of the deaths of plaintiffs' decedents, and that German law provides adequate remedies for plaintiffs' claims against Germanwings. I note that Germanwing's agreement not to contest liability for compensatory damages would eliminate plaintiffs' burden of proving liability before being able to recover full compensatory damages for their claims arising out of the deaths of their decedents.

### The Exercise of Jurisdiction Over ATCA by the German Courts

5. In order for plaintiffs' claims against ATCA to be adjudicated in Germany, the German courts must be able to exercise personal jurisdiction over ATCA. I have been advised that ATCA is a corporate entity organized and existing under the laws of Arizona, with its principal and only place of business located in Arizona. I also am aware that plaintiffs allege in paragraph 2 of the Complaint that ATCA's wrongful and negligent acts that give rise to their claims took place in Arizona.

6. The exercise of jurisdiction by a German court over a non-resident defendant such as ATCA is governed by Article 6 (1), 26 (1) Brussels Ia Regulation. In the circumstances involved in plaintiffs' claims against ATCA, where ATCA has no presence in Germany and its allegedly wrongful conduct took place outside of Germany, ATCA normally would not be subject to the jurisdiction of the German courts (Article 6 (1) Brussels Ia Regulation)

7. However, the Brussels Ia Regulation provides that the German courts may exercise jurisdiction over a party such as ATCA if that party voluntarily appears before the German court without disputing the court's exercise of jurisdiction (Article 6 [1], 26 [1] Brussels Ia Regulation). I have been advised that ATCA is willing to submit voluntarily to the jurisdiction of the courts of Germany as a condition of the dismissal of this litigation on the grounds of *forum non conveniens*. Accordingly, pursuant to Article 6 (1), 26 (1) Brussels Ia Regulation, I am of the opinion that the German courts would be able to fully exercise jurisdiction over ATCA pursuant to ATCA's agreement to voluntarily submit to the jurisdiction of German courts.

### The Exercise of Jurisdiction Over Germanwings by the German Courts

8. I have been advised that Germanwings, the operator of Flight No. 4U9525, is a corporate entity organized and existing under the laws of Germany with its headquarters and principal place of business located in Cologne, Germany.

9. Under Article 4 (1) Brussels Ia Regulation, general jurisdiction exists over a defendant at its domicile which, in the case of a corporate entity such as Germanwings,

exists at the entity's (1) statutory seat, (2) place of central administration, or (3) principal place of business. I am of the opinion that under Article 63 (1) Brussels Ia Regulation, Germanwings would be considered to be domiciled in Germany, and that the German courts would have jurisdiction to adjudicate plaintiffs' claims against Germanwings arising out of the deaths of plaintiffs' decedents.

**Availability of Remedies for Plaintiff's Claims**

10. Section 823 (1) of the German Civil Code (GCC) provides a cause of action for damages against a person or entity who intentionally or negligently causes harm to the life, the body, the property, or other rights of another person. Based upon the allegations in the Complaint, I am of the opinion that German law would provide plaintiffs a cause of action for damages, subject to proof, against ATCA in connection with the deaths of their decedents.

11. In a case involving claims such as plaintiffs' claims against ATCA where the allegedly wrongful and negligent conduct occurred wholly outside of Germany, German law provides that the German courts may, in appropriate circumstances and based upon sufficient proof provided by the parties, determine the issue of liability in accordance with the law of the place where the allegedly wrongful and negligent conduct took place (Article 4 (1) Rome I Regulation). German courts routinely engage in this type of application of non-German law. In the event the German court in this case determined that the issue of ATCA's liability should be determined in accordance with the law of Arizona, the Court would determine the content of that law, with the assistance of the parties, through the use of expert testimony, statutes, and other learned treatises, as necessary and appropriate (Section 293 of the German Code of Civil Procedure [CCP]). The German Federal Supreme Court has emphasized that where foreign law is applied, the German court is required to interpret and apply that law just as a judge of the respective foreign court would interpret and apply that law (BGH, judgement of 30 January 2001 - XI ZR 357/99).

12. The issue of liability is decided by the Court, acting impartially, based upon the evidence provided by the parties during the proceedings (Section 128 [1] CCP).

4

13. Based upon the fact that Germanwings operated Flight No. 4U9525, I also am of the opinion that German law would provide plaintiffs a cause of action for damages, subject to proof, against Germanwings in connection with the deaths of their decedents. Plaintiffs' claims against Germanwings arising out of the deaths of their decedents normally would be governed by the terms and provisions of the Montreal Convention of 1999 (Article 17 [1] Montreal Convention). However, in view of Germanwings' agreement not to contest liability for full compensatory damages available under the applicable law, a discussion of the basis for that cause of action against Germanwings under German law is not required. Pursuant to German law (Section 138 [3] CCP), the German courts would accept and enforce Germanwings' agreement not to contest liability, and so the only issue plaintiffs would be required to prove with respect to their claims against Germanwings would be their standing to assert claims arising out of the deaths of their decedents, and the nature and extent of their alleged damages suffered as a result of their deaths (BGH, judgement of 18 May 2005 - VIII ZR 368/03).

14. In a case involving claims for wrongful death, the persons entitled to assert claims for damages are the heirs - for instance the surviving spouse, surviving children or surviving parents. The heirs of the decedent's estate also are entitled to assert claims on behalf of the estate, where appropriate and subject to proof, for injuries suffered by the decedent prior to death (Section 1922 [1] GCC).

15. In a case involving wrongful death, the potentially recoverable damages under German law are as follows: (1) compensation for the indirect losses suffered by a person who is deprived of his right to maintenance from the decedent (Section 844 [2] GCC), including for instance the loss of income or financial support, funeral expenses (Section 844 [1] GCC) or the loss of services in the home (housekeeping services), (2) "shock" or grief type damages suffered by the survivors as a result of the decedent's death (Section 823 [1] in conjunction with Section 253 [2] GCC), (3) pecuniary losses incurred by the survivors as the result of medical treatments as a result of the decedent's death (Section 823 [1] in conjunction with Section 249 [2] GCC), and (4) damages for personal injury and mental

fright and shock suffered by the decedent prior to death (Sections 823 [1], 253 [2], 1922 [1] GCC).

16. In cases where the survivor and/or the decedent is and was a resident of a country other than Germany, German law provides that the German court may, in appropriate circumstances and based upon sufficient proof provided by the parties, determine the issue of damages in accordance with the law of the domicile of the decedent or survivor (see among others Article 4 Rome I Regulation). German courts routinely engage in this type of application of non-German damage law. In the event the German court in this case determined that the issue of damages should be determined in accordance the law of a country other than Germany, the Court would determine the content of that law, with the assistance of the parties, through the use of expert testimony, statutes, and other learned treatises, as necessary and appropriate (Section 293 CCP).

17. The amount of damages to be awarded is decided by the Court, acting impartially, based upon the evidence provided by the parties during the proceedings (Section 287 CCP).

**The General Principles of Procedural Law in the German Courts**

18. Germany enjoys a well-developed legal system, and German procedural law is characterized by a number of general principles, of which the independence of the judiciary and the principle of a fair trial are the most dominant.

19. The operation of the German Government is based upon the principle of the separation of powers among three branches: the legislature, the executive, and the judiciary. The judiciary is not subordinate to the legislature or the executive (Article 97 of the German Constitution and Sections 25 sq. of the German Judiciary Act [GJA]).

20. The German Constitution guarantees judicial independence in Article 97. The independence of the judiciary is further established by Section 25 of the German Judiciary Act, which provides that the decision making function of judges is not subject to control by, or influence of, other branches of the government. The independence of the judiciary is

further ensured by the fact that a professional judge cannot be dismissed or transferred (Section 30 GJA).

21. Except in limited circumstances that would not be involved in plaintiff's claims against ATCA or Germanwings, only professional judges subject to strict regulation and training are permitted to adjudicate cases in the German court system (compare Section 59 [1] of the Court Constitution Act and Sections 5 sq. GJA).

22. A central element of the German Code of Civil Procedure is the right to have a fair hearing (Article 103 of the German Constitution). This is a procedural right guaranteed by Article 103 of the German Constitution. Moreover, Germany is a member of the European Convention on Human Rights, which guarantees the right to be heard before an impartial court. In addition, Article 47 of the European Charter of Fundamental Rights, which is binding on Germany, guarantees a fair and public hearing within a reasonable time by an independent and impartial judiciary.

23. The German court system is a public, adversarial-type system similar to that employed in the United States. The parties, with the assistance of counsel, are permitted and required to submit to the Court evidence through documents, testimony and experts in support of their respective positions, and are subject to cross-examination by their opponents and the Court, as appropriate (Sections 445 sq. CCP)   Since it is up to the parties to present information that builds the foundation for the judges' decision, there are limited means to compel the production of testimony and documentary evidence by the parties (compare Sections 141 sq. CCP). However, the court has various coercive means at its disposal in order to compel witnesses to testify (compare Section 390 CCP).

24. The German court system also provides the parties the option, at their request, to stay their proceedings for an appropriate period of time in order to pursue mediation or other types of alternative dispute resolution in an effort to resolve the claims voluntarily (Section 278 CCP).

25. As with the system in the United States, the plaintiff bears the burden of proof on the issues of liability (except in cases where, as with Germanwings, a party has agreed not

to contest liability) and damages, and the defendant bears the burden of proof to establish its defenses (BGH, judgement of 18 May 2005 - VIII ZR 368/03).

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15th, 2016

Professor Dr. Ansgar Staudinger