**KREINDLER & KREINDLER LLP**
Francis G. Fleming, Esq. (State Bar No. 004375)
Brian J. Alexander, Esq. *(pro hac vice)*
Marc S. Moller, Esq. *(pro hac vice)*
750 Third Avenue
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
Email: ffleming@kreindler.com
       balexander@kreindler.com
       mmoller@kreindler.com

*Attorneys for Plaintiffs Manuel Bandres Oto, et al.*

**LHD Lawyers/U.S.**
Jerome L. Skinner *(pro hac vice)*
P.O. Box 9300
Cincinnati, Ohio
Telephone: (513) 831-0044
Email: Skinair@yahoo.com

*Attorneys for Plaintiff David Friday*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bandres Oto, et al., | ) |
| | ) No. 2:16-cv-01027-PHX-DJH |
| and | ) No. 2:16-cv-00859-PHX-DJH |
| | ) |
| David Friday, | ) **CONSOLIDATED PLAINTIFFS'** |
| | ) **MEMORANDUM IN OPPOSITION** |
| Plaintiffs, | ) **TO DEFENDANT ATCA'S MOTION** |
| | ) **TO DISMISS** |
| v. | ) |
| | ) |
| Airline Training Center Arizona, Inc., | ) **ORAL ARGUMENT REQUESTED** |
| | ) |
| Defendant. | ) |

1

# INTRODUCTION

Plaintiffs are survivors of individuals killed when a suicidal pilot trained by defendant Airline Training Center Arizona, Inc. ("ATCA") crashed Germanwings Flight 4U9525 into the French Alps on March 24, 2015. ATCA's motion to dismiss and for summary judgment must be denied. First, the allegations in the complaints, when accepted as true, establish a cause of action under Arizona law. Second, ATCA's allegations in its summary judgment motion cannot be fully addressed without discovery. Third, based on even the limited information available at this early stage, sharply disputed questions of material fact preclude summary judgment. Fourth, given that Arizona is ATCA's home jurisdiction where all the conduct giving rise to its liability occurred, and where most of the liability witnesses and materials are located, the drastic measure of *forum non conveniens* dismissal is not proper in this case.

## I. Factual Background

Defendant ATCA is an Arizona corporation, and a wholly-owned subsidiary of Lufthansa Flight Training GmbH ("LFT"). ATCA and LFT are independent but inextricably linked components of Lufthansa's airline flight training program. Plaintiffs' Counterstatement of Facts ("Pl. Facts"), ¶ 1.[1] Pursuant to a "contract" (which has not been produced) ATCA accepts LFT students after they complete LFT's "theoretical" classroom training. *Id.* ATCA teaches candidates "core" skills of hands-on in-aircraft piloting at its Goodyear, Arizona facility. *Id.* ¶¶ 1, 2, 6, 9. Without ATCA's training,

---

[1] References to "Lufthansa" are to the Lufthansa Group, and include Lufthansa's low-cost option Germanwings, which operated the flight involved in this litigation.

students cannot become Lufthansa pilots. *Id.* ¶¶ 1, 6, 7. ATCA operated with the knowledge that 98% of the LFT students it trained would return to LFT and later fly Lufthansa aircraft. *Id.* ¶ 86. It was only through ATCA training that LFT students could receive the Multi-Crew Pilot Licenses that allowed them to operate Lufthansa aircraft. *Id.* ¶¶ 1, 3, 6, 86.

ATCA trained Andreas Lubitz without performing *any* screening of his health and character. *Id.* ¶¶ 63, 65. Had ATCA properly reviewed readily available information about Lubitz, it would have learned that Lubitz held a German Class 1 Medical Certificate expressly warning that he was suffering from a dangerous and disqualifying physical or mental condition. *Id.* ¶¶ 31, 66. Even the simplest examination of Lubitz' German Medical Certificate would have quickly revealed the warning to "Note the special conditions/restrictions of the waiver FRA 091/09 –REV–." *Id.* ¶¶ 28, 38, 39. That waiver was critical because it indicated Lubitz could not fly if "there were a relapse into depression." *Id.* ¶ 31. ATCA would also have learned that the condition afflicting Lubitz was severe depression that had previously required his hospitalization, several "no suicide pacts" with his physician, and a prior nine-month suspension of Lubitz' LFT training. *Id.* ¶¶ 5, 57. The company would also have learned that Lubitz lied to the Federal Aviation Administration ("FAA") when seeking to obtain his FAA medical certificate, attempting to avoid disclosing his past severe depression and extended hospitalization. *Id.* ¶¶ 51, 61, 66.

Lubitz' mental disorder and lack of trustworthiness should have disqualified him from training with ATCA to become a Lufthansa pilot. *Id.* ¶¶ 18, 24. ATCA's failure to

3

bar Lubitz from its program gave a suicidal pilot the means by which to operate Flight 4U9525, piloting it into the side of a mountain and killing all passengers on board, and was therefore a direct and proximate cause of their deaths.

## II. Summary of the Argument

**A.** **The Pleadings** – The facts alleged in the complaints are more than sufficient to provide a plausible basis for relief and give ATCA fair notice of the basis of Plaintiffs' claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), Fed. R. Civ. P. 8(a)(2). Fact issues preclude summary judgment on the pleadings. *Rosales v. Phoenix*, 202 F. Supp. 2d 1055, 1058 (D. Ariz. 1999).

**B.** **Discovery** – ATCA has moved for summary judgment, relying on the Declaration of its president and chief executive officer, Matthias Kippenberg. ("Kippenberg Decl.") That declaration contains numerous factual assertions that Plaintiffs have not been able to test, such as conclusory statements that Lubitz did not exhibit any signs of a mental illness, the basis for which is not stated. Mr. Kippenberg also refers to a contract between ATCA and Lufthansa that presumably includes information about ATCA's contractual responsibility for screening and training Lufthansa pilots, which ATCA has not produced. ATCA has also not produced any materials bearing on its pilot selection and training process. Plaintiffs are entitled to discovery regarding Kippenberg's assertions and the documents upon which ATCA has relied in making its summary judgment motion. The pending motion must therefore be dismissed or deferred pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

4

**C.     Liability** - Lufthansa created an integrated pilot training program for its airline group and ATCA was a core component of that program. ATCA had a duty to protect the passengers of Lufthansa aircraft piloted by the students it trained and presented to Lufthansa as qualified to operate commercial aircraft from potential pilot-caused harm. ATCA's core Lufthansa-pilot training obligations, as well as its contract with Lufthansa, created a special relationship with Lufthansa passengers and a duty to those passengers to ensure that the pilots it trained and returned to LFT to operate commercial aircraft had no health or character defect that would pose a risk of harm to the passengers. Indeed, this obligation is evidenced by the Federal Aviation Regulations that govern ATCA.  Such a duty is expressly recognized under Arizona law. ATCA breached its duty to the Flight 4U9525 passengers when it negligently allowed Lubitz into its pilot training program and graduated him from it.  ATCA's acts and omissions in this regard constitute a direct and proximate cause of the Germanwings Flight 4U9525 passengers' deaths.

The interval of time between ATCA's negligence and the crash does not alter ATCA's liability here and the time between ATCA's alleged negligence and the deaths of the 149 victims cannot by itself justify limiting ATCA's duty.

**D.     *Forum non conveniens*** – Arizona is the proper forum for this case. Jurisdiction over ATCA can only be obtained in Arizona.  ATCA is an Arizona corporation, its business activities are performed entirely in Arizona, all the ATCA acts and omissions complained of occurred in Arizona, and the principal witnesses, namely ATCA employees and students who trained with Lubitz, and related proof are in Arizona.

5

ATCA cannot credibly complain of any inconvenience to litigating this case in Arizona. If testimony of FAA employees is necessary, that can only take place in the United States. With respect to damages issues, all of the plaintiffs will make themselves available in Arizona as needed. Finally, there is no alternative forum in which jurisdiction over ATCA can be obtained. The extraordinary measure of *forum non conveniens* dismissal is thus not warranted

### III. Argument

#### A. The Complaint States a Viable Claim Against ATCA.

ATCA's Rule 12(b)(6) attack on the complaints is entirely misplaced. The complaints satisfy the requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts here are alleged in good faith to the extent reasonably known, though without the benefit of discovery, and are not speculation or mere conclusions. 5 Federal Practice and Procedure § 1216, 234-236 (3d Ed. 2004). Though mere assertion of entitlement to relief does not constitute adequate pleading, "detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555. The complaints furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. Applying this broad and liberal pleading standard, a court must accept a complaint's factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).

The fundamental theory of Plaintiffs' case is that ATCA, as a commercial airline pilot flight school in the Lufthansa organization, had a duty to Lufthansa passengers to

adequately screen and monitor pilot candidates, including Andreas Lubitz. ATCA breached that duty and the resulting deaths were a proximate result of that breach. The complaints satisfy the requirements of Federal Rule of Civil Procedure 8.

### i. ATCA Owed a Duty of Care to Germanwings 4U9525 Passengers.

ATCA owed a duty of care to Plaintiffs' decedents. Arizona adheres to Section 324 of the Restatement (Second) of Torts. *Stanley v. McCarver*, 92 P.3d 849, 853 (Ariz. 2004); *Markowitz v. Ariz. Parks Bd.*, 706 P. 2d 364, 369 (Ariz. 1985). Section 324(A) states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The complaints allege a duty within the § 324(A) paradigm. ATCA's business purpose (presumably confirmed by the ATCA/LFT contract) is to train individuals "who are enrolled in non-U.S. based commercial pilot training programs operated by, or associated with, European and Japanese commercial airlines" to enable them to become commercial pilots. Kippenberg Decl., ¶ 5; Pl. Facts, ¶¶ 1, 3. ATCA performs that service for Lufthansa independently, but in tandem with LFT. Pl. Facts, ¶ 1.

In aviation matters, passenger safety is the highest priority. *See* Declaration of Mitchell A. Garber, M.D., M.P.H., M.S.M.E. dated July 20, 2016, ¶ 4. ATCA thus had a duty to accept and train only commercial airline pilot candidates who did not increase the risk of harm to passengers. After all, passengers rely on airlines, like Germanwings, as well as airline pilot flight schools, like ATCA, to ensure that pilots, like Lubitz, suffer from no defect – mental, physical or otherwise – that would increase the risk of harm to them.

Under Arizona law, "the existence of a duty does not necessarily depend on a preexisting or direct relationship between the parties." *Monroe v. Basis Sch., Inc.*, 318 P.3d 871, 876 (Ariz. Ct. App. 2014). Indeed, "[t]he requirement of a formalized relationship between the parties has been quietly eroding." *Stanley*, 92 P.3d at 851. Accordingly, when "public policy has supported the existence of a legal obligation, courts have imposed duties for the protection of persons with whom no pre-existing 'relationship' existed." *Id.* at 851-52; *see also Grant v. Ariz. Pub. Serv. Co.*, 652 P.2d 507, 512 (Ariz. 1982) (noting duty of care to third parties is commensurate to dangers involved in defendant's enterprise); *Diggs. v. Ariz. Consol., Ltd.*, 8 P.3d 386, 390 (Ariz. Ct. App. 2000) ("Duty is . . . merely an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.") (internal quotation marks omitted).

Federal Aviation Regulations also set forth minimum safety standards to be observed by airline flight school like ATCA, intended to protect airline passengers. *See* 14 C.F.R. § 141, *et seq.* The regulations require ATCA to obtain and review all license,

training, medical, and other documents relevant to student qualification and to monitor students such as Lubitz to ensure that they are mentally fit and otherwise qualified to be commercial pilots. *See* David Friday Complaint, ¶ 41.

Based on Arizona law, ATCA had a duty to make a reasonable inquiry about Lubitz' medical history once it was put on notice of his potentially disqualifying condition. *See* Manuel Bandres Oto et al. Complaint, ¶¶ 125-27. That inquiry would have barred Lubitz from ATCA's program and prevented him from endangering the lives of passengers as a commercial airline pilot. Accepting Plaintiffs' allegations in the complaint as true, as required at this stage, ATCA's motion to dismiss must be denied.

        ii.    **Plaintiffs Have Adequately Alleged that ATCA's Breach of Duty Was a Proximate Cause of the Crash.**

Proximate cause is a question of fact for the jury. So long as a claim's "allegations are sufficient to sketch the causal chain," a Rule 12(b)(6) motion based on lack of proximate cause must be denied. *Monje v. Spin Master Inc.*, 2013 WL 2390625, at *14 (D. Ariz. May 30, 2013) ("The causal chain that [Plaintiff] lays is not so implausible as to warrant dismissal."). That is, plausible allegations regarding proximate cause mandate denial of a motion to dismiss on proximate cause. *See In re Animation Workers Antitrust Litigation*, 123 F. Supp. 3d 1175, 1209 (N.D. Cal. 2015) (noting plausibility requirement does not require showing that allegations are more likely than not true); *see also, Ritchie v. Krasner*, 211 P.3d 1272, 1281 (Ariz. Ct. App. 2009) ("Courts generally leave the issue of proximate cause to the jury.").

Here, the issue of proximate cause must be determined by a jury. "[E]ven if [the]

9

defendant's conduct contributes 'only a little' to plaintiff's damages, liability exists if the damages would not have occurred but for that conduct." *White v. United States*, 422 F. Supp. 2d 1089, 1097 (D. Ariz. 2006) (quoting *Rudolph v. Ariz. B.A.S.S. Fed'n*, 898 P.2d 1000, 1004-05 (Ariz. Ct. App. 1995)). Had ATCA acted with reasonable care, Lubitz would have never completed his "core" training and would not have been set on the direct path to a Lufthansa cockpit. ATCA's actions and omissions are thus a proximate cause of plaintiffs' deaths.

Any subsequent actions cannot cut off ATCA's liability given the magnitude of the risk of physical harm posed to Lufthansa passengers by ATCA's negligence. *See* Restatement (Second) of Torts § 452 ("Where the personal safety of third persons is threatened, it is probably true that normally any duty to exercise reasonable care for their protection cannot be shifted."); *see also Grant*, 652 P.2d at 512. In light of the enormous harm that results when commercial airline training centers like ATCA turn a blind eye to unstable and untrustworthy pilot candidates like Lubitz, a juror could reasonably conclude that ATCA's acts and omissions were a proximate cause of the crash.[2]

Nor can the passage of time insulate ATCA from liability. Under Arizona law, "temporal remoteness will not by itself necessarily limit duty flowing from a negligent act[.]" *Davis v. Mangelsdorf*, 673 P.2d 951, 955 (Ariz. Ct. App. 1983). Thus, "a manufacturer who places a defective product into the stream of commerce" will continue

---

[2] ATCA's argument that Lubitz' suicide was a "criminal act" for which it ought not be held responsible is defeated by A.R.S. § 12-611, which provides that a wrongful death action may arise even "if the death was caused under such circumstances as amount in law to murder." *See Hutcherson v. Phoenix*, 961 P.2d 449 (1998).

to be liable "even if there is a long intervening period before the product injures someone." *Id.* Similarly, a "defendant who sets a bomb which explodes ten years later . . . has caused the result and should obviously bear the consequences.". *Republic Nat'l Bank of New York v. Pima Cnty.*, 25 P.3d 1, 5 (Ariz. Ct. App. 2001) (despite negligent act occurring "years before," motion to dismiss plaintiffs' claims was improper) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 43, at 283 (5th ed. 1984)). ATCA put a human ticking time bomb into the pipeline of Lufthansa's commercial airline pilot supply. It cannot escape liability merely because a few years passed between its negligence and the resulting deaths.

Causation is an inherently fact-based inquiry and requires development of the factual record, which is wholly absent in this case at this stage. Plaintiffs have adequately alleged facts that support their claims with respect to proximate cause and ATCA's motion must therefore be denied.

### B. Plaintiffs are Entitled to Discovery on Material Disputed Facts.

ATCA's motion for summary judgment is entirely premature. Plaintiffs must conduct discovery prior to any decision on the motion. Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002). Where a party has not "had any realistic opportunity to pursue discovery," a court should "freely" grant a Rule 56(d) motion. *Burlington Northern Santa Fe. R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003). Moreover, where *no* discovery has taken place, a plaintiff's request for essential

discovery *must* be granted. *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("[T]he Supreme Court has restated the rule as *requiring*, rather than merely permitting, discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.") (emphasis added).

Plaintiffs have moved pursuant to Rule 56(d) and as set forth in counsels' Rule 56(d) declarations, they have identified specific discovery essential to oppose ATCA's summary judgment motion. Plaintiffs at the very least need to: (1) depose Matthias Kippenberg and other ATCA employees; (2) inspect the LFT/ATCA contract; (3) inspect each German medical certificate in ATCA's possession; (4) obtain ATCA's file on Andreas Lubitz and his ATCA curriculum; (5) review ATCA marketing materials; and (6) obtain communications made by ATCA to authorities regarding Lubitz. Finally, Plaintiffs have the right to present this discovery to a commercial airline training expert. Accordingly, this Court must deny or defer ATCA's summary judgment motion and permit discovery. *See Metabolife Intern., Inc.*, 264 F.3d at 846.

### C. Facts in Dispute Preclude Summary Judgment.

Even if this Court does not grant Plaintiffs' request for discovery, summary judgment is still inappropriate. Summary judgment is only proper where the moving party has met its heavy burden of establishing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That is not the case here. As underscored by Plaintiffs' Counterstatement of Facts, there are genuine issues of material fact in this case. For example, the parties have a fundamental dispute about ATCA's role

in LFT's flight training program and, accordingly, the scope of its duty of care. ATCA insists it only has one singular mission: to teach pilot candidates how to fly small planes. ATCA's Statement of Facts, ¶ 1. But Lufthansa and ATCA marketing materials, and indeed ATCA's very name, directly contradicts that assertion. Pl. Facts, ¶ 1. Discovery of ATCA's contract with LFT and deposition of ATCA management would support Plaintiffs' contention that ATCA is a commercial "airline training center" and it therefore owed a duty of care to the passengers on board the airplanes Lubitz would fly.

Plaintiffs also argue that the unusual designation on Lubitz' German medical certificate put ATCA on notice of Lubitz' debilitating and potentially recurring condition, which ATCA negligently ignored. Pl. Facts ¶ 34, 39; Garber Decl., ¶ 8. ATCA insists that the designation is simply a "generic reference" that is "not unusual." ATCA's Statement of Facts ¶ 39; Kippenberg Decl., ¶ 56. Relatedly, ATCA asserts it "ha[d] no reason to seek, and does not seek or receive from the FAA, the LBA . . . any of its students' medical records." ATCA's Statement of Facts, ¶ 64. Plaintiffs disagree: ATCA had "reason to seek" Lubitz' medical records by virtue of the "red flag" on the face of his German Medical Certificate. Pl. Facts, ¶ 64; *see also* Garber Decl., ¶ 9. In addition, ATCA seems to argue that Lubitz' treatment for depression was "successful" before he entered ATCA. ATCA's Statement of Facts, ¶ 18. The issuance of a qualified medical certificate and the fact that Lubitz intentionally flew Flight 4U9525 into the French Alps directly contradict that statement. Pl. Facts, ¶ 18. These disputed material facts, as well as those presented more fully in Plaintiffs' counterstatement of facts preclude summary judgment in this matter. Defendant ATCA's motion for summary judgment should

therefore be denied.

### D. Arizona Is the Proper Forum for this Dispute.

All of ATCA's conduct upon which plaintiffs' claims are grounded occurred in Arizona. ATCA is an Arizona corporation operating solely within this state's borders. Plaintiffs' selection of ATCA's home jurisdiction and the location of the misconduct as the forum for this litigation should not be displaced. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). To the contrary, it should be given strong deference. If a chosen forum "is both the defendant's home jurisdiction, and a forum with a strong connection to the subject matter of the case," then plaintiffs – even if from a foreign jurisdiction – are "entitled to a strong presumption that its choice of forum is convenient." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011); *see also Reid-Walen v. Hansen*, 933 F.2d 1390, 1395 ("In this unusual situation, where the forum resident seeks dismissal, this fact should weigh strongly against dismissal.").[3]

Dismissal on *forum non conveniens* grounds "is a drastic exercise of the court's 'inherent power.'" *Carijano*, 643 F.3d at 1224. This "exceptional tool" should only be "employed sparingly." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.

---

[3] To the extent that foreign plaintiffs are afforded less deference on their choice of forum than resident plaintiffs, such distinction is designed to address forum shopping concerns. But here, as noted above, no such concern exists as these plaintiffs could only sue defendant ATCA in Arizona. Indeed, it is puzzling that ATCA which is incorporated, headquartered and does business in Arizona seeks to move this action to a forum 10,000 miles away.

2002). A defendant moving for *forum non conveniens* dismissal bears the burden of demonstrating that the balance of private and public interest factors favors dismissal and that an adequate alternative forum exists for the litigation. *Carijano*, 643 F.3d at 1224. "The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal." *Id.* (citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181–82 (9th Cir. 2006)). Indeed, "[j]uries routinely address subjects that are totally foreign to them, ranging from the foreign language of patent disputes to cases involving foreign companies, foreign cultures and foreign languages." *Tuazon*, 433 F.3d at 1181-82. Thus, the presence here of foreign parties or facts cannot justify dismissal on *forum non conveniens* grounds.

The private interest factors to be considered include: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). The public interest factors focus on "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Carijano*, 643 F.3d at 1232.

Here, the private interest factors all weigh in favor of denying ATCA's *forum non conveniens* motion: (1) ATCA only does business in Arizona (Kippenberg Decl., ¶ 4) and

it is therefore the only place where personal jurisdiction over it may be obtained; (2) the ATCA witnesses whose conduct bears upon ATCA's negligence are in Arizona; (3) documentary evidence which bears upon the issues in this case is either in Arizona or easily produced in Arizona; (4) to the extent that evidence and depositions of FAA employees are needed, that can only be accomplished in the United States; (5) the courthouse is minutes away from ATCA's offices in Goodyear, Arizona so no inconvenience can be claimed; and (6) there is a serious question regarding whether a German court would exercise jurisdiction over a non-resident defendant following a *forum non conveniens* dismissal even with ATCA's consent. *See* Declaration of Professor Dr. Helmut Grothe dated July 27, 2016, ¶ 7; *see also Vivas v. Boeing Co.*, 911 N.E.2d 1057 (Ill. Ct. App. 2009) (denying *forum non conveniens* motion in suit brought by foreign plaintiffs against defendant situated in forum because defendant was "headquartered" in the forum; the foreign location "did not offer greater ease of access to witnesses and proof, or lower costs to attain them" and viewing the crash site was not important in a product defect case.)

The public interest factors here also weigh against *forum non conveniens* dismissal. Arizona has an interest in maximizing the safety of the businesses operating within its state lines, including its commercial airline flight schools, as piloting a commercial aircraft is a high-risk activity unless the pilot at the controls is properly qualified, mentally fit, skilled and honest. Additionally, no German court could understand Arizona law better than a court situated in Arizona. Litigation costs in Arizona, where defendant is situated and where the bulk of liability evidence is located,

will be less costly than in Germany. ATCA has not made any argument that litigation here presents a burden on courts or juries or that the courts here are so congested as to warrant dismissal. Finally, there are significant doubts as to whether a German court could or would exercise jurisdiction over this litigation. Grothe Decl., ¶ 7.

If based upon the foregoing the court remains in doubt as to whether a denial of the defendant's *forum non conveniens* motion should be entered on the present record, then plaintiffs should be entitled to conduct discovery on the *forum non conveniens* issue. In the event this Court does grant ATCA's *forum non conveniens* motion, it should be expressly conditioned on a German court's acceptance of jurisdiction over the case and discovery pursuant to the Federal Rules of Civil Procedure. *See Pereira v. Utah Transport, Inc.*, 764 F.2d 686 (9th Cir. 1985); *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 107 (6th Cir. 1989)

**IV. Conclusion**

For all of the foregoing reasons, ATCA's motions to dismiss and for summary judgment should be denied in its entirety.

Dated this 29th day of July, 2016                KREINDLER & KREINDLER LLP

By /s/ Marc. S. Moller
Francis G. Fleming, Esq. (004375)
Brian J. Alexander, Esq. (*Pro Hac Vice*)
Marc S. Moller, Esq. (*Pro Hac Vice*)
*Attorneys for Oto et al. Plaintiffs*

and

LHD Lawyers/U.S.
Jerome L. Skinner, Esq.
*Attorneys for Plaintiff David Friday*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I electronically transmitted the attached *CONSOLIDATED PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ATCA'S MOTION TO DISMISS* to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Christopher Carlsen, Esq.
    Clyde & Co US LLP
    The Chrysler Building
    405 Lexington Avenue, 16th Floor
    New York, New York 10174
    *Attorneys for Defendant, Airline Training Center Arizona, Inc.*

RESPECTFULLY SUBMITTED this 29th day of July, 2016.

        KREINDLER & KREINDLER LLP

        By /s/ Marc. S. Moller
          Francis G. Fleming (004375)
          Brian J. Alexander (*Pro Hac Vice*)
          Marc S. Moller (*Pro Hac Vice*)
          750 Third Avenue
          New York, NY 10017
          ffleming@kreindler.com
          balexander@kreindler.com
          mmoller@kreindler.com
          *Attorneys for Oto et al. Plaintiffs*

        and

        LHD Lawyers/US.
        Jerome L. Skinner
        LHD Lawyers/US LPA
        P.O. Box 9300
        Cincinnati, Ohio 45209
        skinair64@yahoo.com
        *Attorneys for Plaintiff David Friday*