IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bandres Oto, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Airline Training Center Arizona, Inc.,<br><br>Defendant. | No. CV-16-01027-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Airline Training Center, Inc.'s ("ATCA" or "Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, for Summary Judgment or, in the Further Alternative, to Dismiss on the Grounds of *Forum Non Conveniens* (Doc. 18), filed on June 17, 2016.  Defendant also filed a Separate Statement of Facts (Doc. 19) in support of its summary judgment motion, and two supporting Declarations.  (Docs. 20, 21).  A day earlier, Defendant filed essentially the same motion and supporting materials in the *Friday* case.  (Docs. 19-22 of CV-16-00859-PHX-DJH).  On June 29, 2016, Judge Rosenblatt, who was previously assigned to the *Friday* case, CV-16-00859, ordered that it be transferred to this Court and consolidated with CV-16-01027, the *Oto* case.  (Doc. 30).  The lead case in the consolidated action is the *Oto* case because it has 146 plaintiffs, whereas the *Friday* case has one plaintiff, David Friday.

On July 28, 2016, counsel for Plaintiff Friday filed a Declaration in Support of Plaintiffs' Opposition to Defendant ATCA's Motion to Dismiss and Motion for Summary

Judgment. (Doc. 31). On July 29, the consolidated Plaintiffs filed a Memorandum in Opposition to Defendant ATCA's Motion to Dismiss (Doc. 32), a Response to ATCA's Statement of facts in Support of Its Motion for Summary Judgment and Plaintiffs' Counterstatement of Facts (Doc. 33), and supporting Declarations. (Docs. 34, 35). On August 8, 2016, Defendant filed a Reply Memorandum of Law in Further Support of Its Motions to Dismiss Plaintiffs' Complaints (Doc. 37), a Reply to Plaintiffs' Counterstatement of Facts (Doc. 38), and supporting Declarations. (Docs. 39, 40).[1]

Also pending are Plaintiffs' Motion Requesting Rule 56(d) Discovery (Doc. 36), to which a Response in Opposition (Doc. 41) and a Reply (Doc. 42) were filed; Plaintiffs' Motion to File a Reply Declaration (Doc. 43), to which no response was filed; and Plaintiffs' Motion for Leave to File Supplemental Documents (Doc. 45), to which a Response in Opposition (Doc. 47) and a Reply (Doc. 48) were filed.

**I. Background**

This action arises from the tragic circumstances surrounding the crash of Germanwings Flight 4U9525 into the French Alps on March 24, 2015. Plaintiff Friday filed a Complaint against Defendant in this district court on March 29, 2016. (Doc. 1 of CV-16-00859). The other Plaintiffs (the "Oto Plaintiffs") filed a Complaint (Doc. 1) against Defendant in this district court on April 14, 2016. As noted above, the two matters have been consolidated. The two Complaints raise similar allegations, though for purposes of this background section, the Court relies primarily on the allegations in the Oto Plaintiffs' Complaint. Plaintiffs bring these actions "individually, as representatives of the respective estates of the Decedents named [in the Complaints], and on behalf of all statutory beneficiaries of the claims for the wrongful deaths of the Decedents named [in the Complaints]." (Doc. 6 at 14).[2]

---

[1] Plaintiffs and Defendant have requested oral argument. The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] The Court's citations to attachments and/or page numbers of filed documents correspond to the attachment numbers and/or page numbers generated by the district

The Oto Plaintiffs allege in their Complaint that on March 24, 2015, Andreas Lubitz was a Germanwings employee and the co-pilot of an Airbus A320-211 aircraft for an intended flight from Barcelona, Spain to Dusseldorf, Germany, designated as Germanwings Flight 4U9525. 150 people were on board including 144 passengers, two pilots and four cabin crewmembers. During the flight, Lubitz locked the Captain out of the cockpit, took control of the plane and programmed it to descend. Approximately 11 minutes later, despite repeated attempts by the Captain to gain entry into the cockpit, Lubitz intentionally flew the plane into mountainous terrain, killing everyone on board.

Plaintiffs assert that Defendant ATCA is a wholly-owned subsidiary of Lufthansa Flight Training GmbH ("LFTG"), which is itself a wholly-owned subsidiary of Lufthansa Airlines. Lufthansa owns and operates Germanwings. Lufthansa, and other airlines, send the student pilot candidates in their airline pilot training programs to ATCA for aircraft flight training. Before beginning the ATCA portion of the pilot training program, Lufthansa student pilots must obtain a German Airman's Medical Certificate and a United States Federal Aviation Administration Airmen's Medical Certificate. Plaintiffs contend ATCA had a duty to examine its students' medical certificates to ensure no student had a medical condition that would disqualify the student or otherwise render the student unsuitable to be a commercial airline pilot.

Plaintiffs contend that Lubitz began the process of becoming a pilot for Lufthansa/Germanwings in April 2008 in Germany. In late 2008, during the academic portion of the training, Lubitz suffered psychotic and severe depressive episodes. As a result, in November 2008, he suspended his coursework for nearly ten months to undergo treatment. During this period, Lubitz was hospitalized and underwent nine months of psychotherapy for severe depressive episodes, anxiety and suicidal ideations. He was prescribed multiple anti-depressant medications. After treatment, on July 28, 2009, Lubitz was issued a German Airman's Medical Certificate that included a restriction

---

court's electronic filing system, not pre-printed attachment numbers and page numbers on the original documents.

stating it would become invalid if he had a relapse or recurrence of depression. Plaintiffs claim Lubitz lied on his FAA medical application by claiming that he had never been diagnosed with, or presently had, mental disorders including depression and anxiety. A doctor subsequently corrected the false statement in the application about Lubitz's mental disorder. On July 28, 2010, the FAA medical certificate was issued with a warning that he could not operate an aircraft if new symptoms occurred or if he required treatment or medication. Lubitz later resumed his training, and completed the academic portion in October 2010.

Plaintiffs allege that Lubitz provided his German and FAA medical certificates to ATCA in early November 2010, began his ATCA pilot training in Arizona on November 8, 2010, and completed it on March 2, 2011. Plaintiff Friday alleges that during Lubitz's training in Arizona, ATCA questioned Lubitz's stability and that "[s]everal post-crash accounts reveal that at least one person at ATCA declared Lubitz 'unflyable.'" (Doc. 1 of CV-16-00859 at 4). The Oto Plaintiffs allege that during his flight training at ATCA, Lubitz "exhibited signs and symptoms of psychological abnormalities, reactive depression and personality disorders and ATCA failed to disqualify him from obtaining a pilot license and from continuing his training to become a commercial airline pilot." (Doc. 6 at 48).

Plaintiffs allege that ATCA breached its duty of care to the passengers of the Germanwings Flight by failing to properly screen and monitor Lubitz for mental health conditions when he participated in ATCA's training program. Plaintiffs contend that proper screening of Lubitz before he joined the ATCA flight training program "would have revealed his history of severe depression, suicidal ideations, hospitalization on account of such disorders and his dishonesty and untrustworthiness, making him unqualified to become a Lufthansa commercial airline pilot." (Doc. 6 at 15). Plaintiffs further allege that ATCA failed to properly monitor Lubitz during his flight training for symptoms of mental health conditions, and when he exhibited such symptoms, ATCA failed to disqualify him.

Plaintiffs claim that ATCA's negligent, reckless and careless actions were "proximate, contributing and foreseeable causes of the deaths of the Germanwings Flight 9525 passengers because had ATCA not been negligent and careless and, indeed, exercised reasonable care in screening and monitoring Lubitz, he would not have been admitted to the ATCA program and would not have become a commercial pilot with recurring psychotic, depressive and suicidal disorders." (Doc. 6 at 52). Plaintiffs therefore seek compensatory damages along with interest and costs.

Defendant argues in its motion that there is no support for Plaintiffs' allegation that ATCA knew or should have known about Lubitz's medical history. Defendant further contends that Lubitz's prior episode of depression is meaningless because it did not disqualify Lubitz from completing his flight training or becoming a pilot, as demonstrated by the German and FAA medical certificates that authorized Lubitz to undergo flight training despite the episode. Defendant asserts that the crash investigation conducted by the French Government showed that Lubitz's mental health problems began to re-emerge in Germany in December 2014, four years after he left ATCA, and that no evidence shows any recurrence before that time.

In addition, Defendant explains that ATCA provides an 18-week course in the basic skills needed to fly a small plane, and that the remainder of his extensive multi-year training program was provided by other entities in Germany. Defendant states that Lubitz did not obtain his commercial pilot's license until three years after he left ATCA, and Plaintiffs cannot show that ATCA's training proximately caused the deaths of the passengers and crew of the Germanwings flight.

As an alternative to dismissal pursuant to Rule 12(b)(6) or summary judgment pursuant to Rule 56, Defendant requests that the Court dismiss the case under the doctrine of *forum non conveniens* in favor of the courts of Germany. Defendant explains that Plaintiffs and their decedents are not U.S. citizens and have no connection to this Court. Defendant claims all of the witnesses and evidence concerning the critical issues of proximate and superseding cause are located in Germany and beyond the jurisdiction

of this Court. Further, ATCA agrees to litigate the case in the German courts and will produce all required witnesses and evidence there at its own cost.

**II. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendant first argues that the Complaints should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that Plaintiffs' claims are based on conclusory allegations without sufficient factual support. Defendant further argues that it did not owe, or breach, a duty to Plaintiffs' decedents. Defendant also contends that Plaintiffs cannot establish proximate cause. Plaintiffs, in their consolidated briefing, dispute Defendant's arguments.

### A. Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

### B. Discussion

#### 1. Sufficiency of Allegations

The Court has reviewed the Complaints and agrees with Plaintiffs that the allegations therein satisfy the requirements of Rule 8, as clarified by *Iqbal* and *Twombly*. Interpreting the facts alleged in the Complaints in the light most favorable to Plaintiffs, as the Court must at this stage, the Court finds that the allegations sufficiently put Defendant on notice of the claims and provide enough facts to state plausible claims for relief. As Plaintiffs explain, "[t]he fundamental theory of [their] case is that ATCA, as a commercial airline pilot flight school in the Lufthansa organization, had a duty to Lufthansa passengers to adequately screen and monitor pilot candidates, including Andreas Lubitz." (Doc. 32 at 6-7). Accordingly to Plaintiffs' allegations, "ATCA breached that duty and the resulting deaths were a proximate cause of that breach." (*Id.* at 7).

Among Defendant's specific challenges to the sufficiency of Plaintiffs' allegations is that "no evidence exists that ATCA knew, or could have known, about Lubitz' medical history or his communications with the FAA or the [German equivalent of the FAA]." (Doc. 18 at 8). Plaintiffs, however, have alleged that Lubitz's German Airman's Medical Certificate, allegedly provided to ATCA along with Lubitz's FAA Medical Certificate, contained a restriction pertaining to his mental health history. Thus, even if ATCA did

not have specific knowledge of Lubitz's mental health history before he arrived in Phoenix and began the program, Plaintiffs' allegations support a reasonable inference that ATCA, upon inquiry into the restriction, could have, and should have, known about Lubitz's history.

Defendant also argues there is no factual basis for Plaintiffs to claim that Lubitz had mental health issues during his time at ATCA. As noted above, however, Plaintiff Friday alleges that based on post-crash accounts, at least one person at ATCA declared Lubitz "unflyable." (Doc. 1 of CV-16-00859 at 4). In addition, the Oto Plaintiffs allege that Lubitz "exhibited signs and symptoms of psychological abnormalities, reactive depression and personality disorders and ATCA failed to disqualify him from obtaining a pilot license and from continuing his training to become a commercial airline pilot." (Doc. 6 at 48). Interpreting these facts in the light most favorable to Plaintiffs, the Court finds Plaintiffs' allegations sufficient to support its allegations that Defendant knew or should have known about Lubitz's mental health issues. For these and other reasons, the Court cannot find at this stage that Plaintiffs' allegations are insufficient to support the negligence-based causes of actions asserted in the Complaints.

**2. Duty to Plaintiffs' Decedents**

Next, ATCA argues that it did not owe, or breach, a duty to Plaintiffs' decedents. ATCA contends that no relationship existed between it and Lubitz, or between it and Plaintiffs or their decedents. ATCA claims its only relationship with Lubitz was "that of school and student during the four and one-half months he attended ATCA." (Doc. 18 at 10). That relationship ended, however, when Lubitz went back to Germany, which was more than four years before the crash.

Plaintiffs argue in response that ATCA owed a duty of care to Plaintiffs' decedents based on Section 324(A) of the Restatement (Second) of Torts, which Arizona follows. Plaintiffs claim that ATCA's business purpose is to train individuals enrolled in commercial pilot training programs to enable them to become commercial pilots. Because passenger safety is the highest priority for commercial pilots, Plaintiffs argue

- 8 -

1 that ATCA "had a duty to accept and train only commercial airline pilot candidates who did not increase the risk of harm to passengers." (Doc. 32 at 8). Plaintiffs also argue that "[u]nder Arizona law, 'the existence of a duty does not necessarily depend on a preexisting or direct relationship between the parties.'" (Doc. 31 at 8) (citing *Monroe v. Basis Sch., Inc.,* 318 P.3d 871, 876 (Ariz. Ct. App. 2014)); *see also Monje v. Spin Master Inc.*, 2013 WL 2390625, *13 (D. Ariz. May 30, 2013) (explaining that the requirement of a formal relationship between the parties has been eroding and that the law now includes "specific undertakings" as a relationship that may give rise to a duty, as reflected in Section 324(A) of the Restatement). They further cite FAA regulations applicable to flight schools like ATCA as a source from which a duty to Plaintiffs derives. Plaintiffs therefore claim that "ATCA had a duty to make a reasonable inquiry about Lubitz's medical history once it was put on notice of his potentially disqualifying condition." (Doc. 32 at 9). Defendant urges in its reply that it did not have a duty pursuant to Section 324 of the Restatement of Torts.

"While the existence of a duty is a question of law for the court, *see* [*Gipson v. Kasey,* 214 Ariz. 141, 143, 150 P.3d 228, 230 (Ariz. 2007)], that inquiry does not operate in a factual vacuum." *Monje*, 2013 WL 2390625, *13. "Instead, the relationships between the parties and their respective roles in the underlying injury shape the analysis." *Id.* Thus, "[t]he need for a factual context" makes resolution of the question of whether a duty exists "ill-suited to the limited review that a motion to dismiss entails." *Id.*

Having reviewed the Restatement, and the cases relied upon by Defendant to oppose Plaintiffs' argument, the Court finds that Section 324 provides a reasonable basis for Plaintiffs to allege a duty in this case. If indeed ATCA knew, or could have reasonably known, of Lubitz's potentially disqualifying mental health conditions, it is not unreasonable to conclude that ATCA had a duty to make an inquiry about Lubitz's condition to determine if he was suitable to continue in the ATCA portion of the flight training program and beyond. Defendant counters that the "service" ATCA undertook to perform was to teach Lubitz to fly a small plane, not to investigate his medical history or

- 9 -

1   current condition.  The Court, however, is not persuaded by Defendant's narrow view of
2   ATCA's "services" under Section 324.  Surely it is not beyond the scope of a flight
3   training school's services to take reasonable steps to ensure a commercial airline pilot
4   candidate is mentally qualified to continue in the program.  Nor is the Court persuaded by
5   Defendant's assertion that "no relationship of any type existed between ATCA and
6   plaintiffs' decedents upon which a legal duty can be based." (Doc. 37 at 9).

7   For these reasons, Defendant has not demonstrated to the Court that, as a matter of
8   law, it had no duty under these circumstances to the passengers and crew on the
9   Germanwings flight, and by extension, to Plaintiffs.  Further factual context, outside the
10  scope of a 12(b)(6) motion, is needed here to inform the determination of whether ATCA
11  owed a duty.  Plaintiffs have sufficiently alleged that ATCA had a duty to Plaintiffs'
12  decedents and breached that duty.  The motion to dismiss based on the absence of a duty
13  will therefore be denied.

### 3. Proximate Cause

15  Defendant next argues that Plaintiffs cannot establish proximate cause.  Defendant
16  first contends that Lubitz's intentional crashing of the plane more than four years after he
17  left ATCA was an unforeseeable criminal act that constituted a superseding cause of the
18  deaths of Plaintiffs' decedents.  According to Defendant, nothing ATCA did or failed to
19  do proximately caused their deaths.  Defendant explains that when Lubitz left ATCA, "he
20  had not completed his flight training program, did not have a commercial pilot's license,
21  and did not know how to fly a commercial jetliner." (Doc. 18 at 11).  Defendant further
22  contends that Lubitz's German medical certification was repeatedly re-issued after he left
23  ATCA, negating any possible proximate cause resulting from ATCA's conduct.

24  Plaintiffs argue in response that proximate cause is a question of fact for the jury
25  and that a 12(b)(6) motion must be denied where a claim's "allegations are sufficient to
26  sketch the causal chain." (Doc. 32 at 9) (quoting *Monje*, 2013 WL 2390625, *13).
27  Plaintiffs argue that the question of proximate cause here should go to the jury because
28  had ATCA acted with reasonable care, Lubitz would never have completed that portion

of the training program and continued on the path to flying a commercial jetliner. Plaintiffs further argue that any subsequent actions by others after Lubitz left ATCA cannot exclude ATCA from any liability "given the magnitude of the risk of physical harm posed to Lufthansa passengers by ATCA's negligence." (Doc. 32 at 10). Plaintiffs also argue that under Arizona law, the passage of time cannot insulate ATCA from liability.

This case presents serious questions regarding Plaintiffs' ultimate ability to prove that ATCA's inaction proximately caused the devastating harm to the people on board the Germanwings flight, and their decedents. At this early stage, however, the Court finds that a Rule 12(b)(6) dismissal on this basis is not warranted. "Causation is inherently a fact-based inquiry," and the Court finds that further factual development is necessary here to determine whether ATCA proximately caused the harm. *See Monje*, 2013 WL 2390625, *14. Plaintiffs have sufficiently alleged a plausible causal chain to avoid dismissal.

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be denied.

**III. Motion for Summary Judgment**

Defendant next requests that the Court consider the extrinsic materials provided in its statement of facts and supporting declarations and convert the motion to dismiss into a motion for summary judgment. Defendant contends that the undisputed evidence shows that summary judgment should be granted in its favor.

As the Ninth Circuit has explained, the Court has "discretion to accept and consider extrinsic materials offered in connection with [a motion to dismiss], and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." *Davis v. HSCB Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Here, the Court declines to consider the extrinsic evidence submitted and convert the motion to dismiss to a motion for summary judgment. To properly respond to Defendant's summary judgment evidence, Plaintiffs would be

1 entitled to conduct discovery. The Court, however, sees no need to allow accelerated
2 discovery at this stage so Plaintiffs can respond to the motion. Defendant has presented
3 no good reasons to deviate from the normal course, which involves setting a scheduling
4 conference and subsequently issuing a scheduling and discovery order. For these
5 reasons, Defendant's request to convert its motion to dismiss to a motion for summary
6 judgment will be denied.

## IV. FORUM NON CONVENIENS

Lastly, Defendant argues that the Complaints should be dismissed based on *forum non conveniens*. "A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). "In dismissing an action on forum non conveniens grounds, the court must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favor dismissal." *Id.* (citations omitted). "The doctrine of *forum non conveniens* is a drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).

Ordinarily, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 256. "But less deference is not the same thing as no deference." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225. A defendant's "'voluntary submission to service of process' suffices to

- 12 -

1 meet the first requirement for establishing an adequate alternative forum." *Id.* (citing
2 *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006)).

3 The private interest factors a court considers in deciding whether a *forum non*
4 *conveniens* dismissal is appropriate are: "(1) the residence of the parties and the
5 witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence
6 and other sources of proof; (4) whether unwilling witnesses can be compelled to testify;
7 (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7)
8 all other practical problems that make trial of a case easy, expeditious and inexpensive."
9 *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508). The public interest factors the
10 court must consider are "(1) local interest of [the] lawsuit; (2) the court's familiarity with
11 governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5)
12 the costs of dissolving a dispute unrelated to this forum." *Id.* at 1147 (citing *Piper*
13 *Aircraft*, 454 U.S. at 259-61). "To prevail on a motion to dismiss based upon *forum non*
14 *conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum,
15 and that the balance of private and public interest factors favors dismissal." *Carijano*,
16 643 F.3d at 1224.

17 Applying these standards, the Court first finds that Germany is an adequate
18 alternative forum in which Plaintiffs could bring their claims, especially given
19 Defendant's agreement to voluntarily submit to the jurisdiction of the German courts.
20 *See Carijano*, 643 F.3d at 1225. Plaintiffs do not challenge the adequacy of the German
21 courts to offer a satisfactory remedy, nor do they challenge Defendant's cited legal
22 authority establishing that other federal courts have held that Germany constitutes an
23 adequate alternative forum for purposes of a *forum non conveniens* dismissal. (*See* Doc.
24 18 at 15). That factor having been established, the Court turns to the balancing of the
25 public and private interest factors.

26 With respect to the private interest factors, the residence of the parties and
27 witnesses is primarily in Germany. Defendant explains that 70 of the 81 decedents in the
28 *Oto* case were German citizens, and it is likely that a similar percentage of Plaintiffs are

as well. The remaining decedents, including the two in the *Friday* case, were citizens of other countries outside the United States. It appears that none of the plaintiffs or their decedents is a resident of the United States. Similarly, although the witnesses affiliated with ATCA are here in Arizona, far more witnesses are likely in Germany. As has been made clear by Defendant's motion to dismiss, one of the key issues in this case is causation. Witnesses and other evidence pertaining to that issue, including Lubitz's mental health treatment providers, people involved in Lubitz's training after he left ATCA, German officials who were involved in issuing Lubitz's medical certificate, Germanwings employees involved in hiring Lubitz, and many others, are located in Germany. Regarding the forum's convenience to the litigants, the German courts would be no less convenient to Plaintiffs than this Court, and in most cases, much more convenient. Defendant has agreed to "make available in Germany, at its expense, all witnesses and evidence that it is required to produce." With regard to access to physical evidence and other sources of proof, some such evidence is here in Arizona including any files or other information ATCA has regarding Lubitz's participation in its training program. The bulk of the evidence relevant to the key issues in this case, however, is likely in Germany. As to whether unwilling witnesses can be compelled to testify, witnesses located in Germany are beyond this Court's jurisdiction and the Court would be unable to compel their presence should they choose not to come voluntarily. Defendant, however, has agreed to make any witnesses available, at Defendant's expense, for proceedings in the German courts. Regarding the enforceability of any judgment, Plaintiffs argue there is a question whether a German court would exercise jurisdiction over a non-resident defendant such as ATCA even with ATCA's consent. Defendant disputes that and both sides provide expert declarations pertaining to that issue. The Court, however, can condition a *forum non conveniens* dismissal on a German court's exercise of jurisdiction over ATCA. Accordingly, the Court can require Defendant's agreement to subject itself to the jurisdiction of the German courts to also extend to enforcement of any judgment issued against it. For these reasons, the Court

finds that the private interest factors weigh in favor of dismissal.

The Court reaches the same conclusion with respect to the public interest factors. Although Arizona certainly has an interest in this litigation, it is comparatively low when considering the much higher level of public interest in the lawsuit that is likely in Germany given the number of German citizens who lost their lives in the crash. Regarding familiarity with the governing law, there is no question that this Court is more familiar with Arizona tort law. Courts, however, often have to apply the law of a different jurisdiction and there is no reason to believe a German court would be unable to do so in this case. The two court-related factors, including burden on local courts and juries, and congestion in the court, do not weigh heavily for or against dismissal. The final public interest factor, the costs of resolving a dispute unrelated to this forum, weigh in favor of dismissal. Because the bulk of the evidence is in Germany, the costs to the German courts and to the parties are likely to be much less than if the action were maintained here.

Upon consideration of all the relevant factors, including the adequacy of the alternative forum, the level of deference accorded to foreign plaintiffs' choice of forum, and whether the balance of private and public interest factors favor dismissal, the Court finds that dismissal based on *forum non conveniens* is warranted here. The Court is most persuaded by Defendant's argument that "because the vast majority of the events related to the subject crash occurred in Germany, [ ] it would be extremely expensive and time consuming for the parties to have to attempt to engage in what would be the required extensive foreign discovery in Germany concerning the events related to the crash." (Doc. 18 at 16). Recognizing that Plaintiffs chose this forum, the Court finds that the relevant factors it must consider override Plaintiffs' choice, and the balance clearly weighs in favor of dismissal based on *forum non conveniens*. The Court is mindful that its discretion to dismiss a case on this basis should be used sparingly. As in *Lueck*, however, where the Ninth Circuit affirmed a judge in this district in a factually similar case, the Court concludes the relevant considerations favor this result. The Court will,

however, impose certain conditions on the dismissal to ensure that Plaintiffs are not without forum to present their claims against Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, for Summary Judgment or, in the Further Alternative, to Dismiss on the Grounds of *Forum Non Conveniens* (Doc. 18) and (Doc. 19 of CV-16-00859-PHX-DJH) is **GRANTED** in part and **DENIED** in part. The Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and the Motion for Summary Judgment are **denied**. The Motion to Dismiss on the Grounds of *Forum Non Conveniens* is **granted**, subject to the following conditions:

  (1) The German court in which the action is filed must accept jurisdiction over the case and Defendant;

  (2) Defendant must agree to accept service, agree to the jurisdiction of the German court, and make available in Germany, at its expense, all witnesses and evidence that it is required to produce;

  (3) Defendant must agree that it will satisfy any judgment imposed by the German court;

  (4) Defendant must agree to waive any available statute of limitations defenses in Germany, provided that Plaintiffs file the case in Germany within 180 days of this Order; and

  (5) Defendant must agree to comply with the discovery rules in the Federal Rules of Civil Procedure to the extent that German discovery rules are more restrictive and limit Plaintiffs' access to information that would otherwise be available under the Federal Rules of Civil Procedure.

**If any one of these conditions is not met, Plaintiffs may re-file their Complaints in this Court.**

1  **IT IS FURTHER ORDERED** that, having denied Defendant's Motion for Summary Judgment, Plaintiffs' Motion Requesting Rule 56(d) Discovery (Doc. 36) and Plaintiffs' Motion for Leave to File Supplemental Documents (Doc. 45) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to File a Reply Declaration (Doc. 43) pertaining to the *forum non conveniens* issue is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter a judgment of dismissal and terminate this matter.

**Dated** this 27th day of March, 2017.

_____
Honorable Diane J. Humetewa
United States District Judge